22317

TOWN OF FAIRFAX, Respondent, v. Earl (Van) SMITH, Appellant.
(330 S. E. (2d) 290)

Supreme Court

*Daniel A. Speights,* of Hampton, *for appellant.*

*Respondent not participating.*

Heard April 8, 1985.

Decided May 13, 1985.

LITTLEJOHN, Chief Justice:

The defendant-appellant, Earl (Van) Smith, was convicted of driving a motor vehicle under the influence of intoxicating liquors in the Town of Fairfax. The conviction and sentence were appealed to the Circuit Court which affirmed. Smith appeals further to this Court. We reverse.

Upon being arrested, Smith consented to the breathalyzer test and pursuant to § 56-5-2950 South Carolina Code Annot. (1976) requested an independent blood sample test. The request was granted, and he was taken to the Allendale County Hospital. Over his objection, the police officer took possession of the blood sample and refused to allow the hospital to analyze it. Instead, the blood sample was sent to the South Carolina Law Enforcement Division (SLED) which made an analysis and returned the result to the Town of Fairfax.

At the trial, the breathalyzer operator testified to the result of the breathalyzer examination; he also testified that a blood sample had been analyzed by SLED and submitted the results thereof.

Section 56-5-2950 provides in part as follows:

> The person tested may have a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing conduct a test or tests in addition to the test administered by the law-enforcement officer.
>
> . . . . .
>
> The arresting officer or the person conducting the chemical test of the person apprehended shall promptly assist that person to contact a qualified person to conduct additional tests.

The purpose of this provision is to permit an accused person to gather independent evidence to submit in reply to that of the prosecuting authority. Here, the accused person was denied that right. Inasmuch as it was error to deny him the right to have an analysis made by a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing, we hold that the State should not have been permitted to introduce the results of either the breathalyzer test or the blood sample examination made by SLED. The statute clearly gives to an accused person the right to a reasonable opportunity to contact an independent qualified person to conduct a blood test. *State v. Lewis*, 266 S. C. 45, 221 S. E. (2d) 524 (1976) held that the statute mandates assistance by the police officer in securing an independent analysis.

More often an error of this type would necessitate a new trial. Inasmuch as we see no way that the error could be corrected at a new trial, we direct that the charge be dismissed.

Reversed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.