22828

The STATE, Respondent v. James PIPKIN, Appellant.

(364 S. E. (2d) 464)

Supreme Court

F. Lee Prickett, Jr., of Gressette and Prickett, St. Matthews, for appellant.

Attorney General T. Travis Medlock, Deputy Atty. Gen. William K. Moore, Asst. Atty. Gen. Harold M. Coombs, Jr., Columbia, and Solicitor Joseph P. Mizzell, Jr., Orangeburg, for respondent.

Heard Dec. 8, 1987.

Decided Jan. 25, 1988.

*Per Curiam:*

Appellant (Pipkin) was convicted of driving under the influence, second offense. We reverse and remand for a new trial.

At 2:00 a.m. on April 20, 1986, City of Orangeburg Patrolman Anthony Gibson (Gibson) was dispatched to the scene of an accident involving Pipkin's truck and another vehicle. During interrogation, Gibson smelled alcohol on Pipkin's breath and noticed a slurring of his speech. After he failed a field sobriety test, Pipkin was placed under arrest and taken to the police station for a breathalyzer test.

At the station, the breathalyzer operator advised Pipkin of his rights, including his right to an independent test. She then administered the breathalyzer test, which registered a blood alcohol reading of .16%.

After requesting the independent test, Pipkin was taken to a local hospital where a vial of blood was drawn from his arm. Gibson took possession of the vial, advising Pipkin (1) that the vial would be transmitted to SLED for analysis, and (2) that a second vial would be required if Pipkin desired a back-up test. Pipkin refused to give more blood.

A SLED examination of the vial revealed a blood alcohol content of .183%.

Before trial, Pipkin moved to suppress evidence of both the breathalyzer and blood test results on the ground that the implied consent statute had been violated. His motion was denied and the evidence introduced at trial.

Section 56-5-2950 reads in part:

> (a) Any person who operates a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of the acts alleged to have been committed while the person was driving a motor vehicle under the influence of intoxicating liquor. . . .
>
> *No person shall be required to submit to more than one*

*test for any one offense for which he has been charged.... The person tested may have a ... qualified person of his own choosing conduct a test or tests in addition to the test administered by the law-enforcement officer.*

The arresting officer or the person conducting the chemical test of the person apprehended shall promptly assist that person to contact a qualified person to conduct additional tests.

(Emphasis supplied).

Gibson's actions violated the statute in two respects.

First, the seizure and analysis of the vial of blood constituted an impermissible second examination by the State of Pipkin's blood alcohol content. The statute permits only one such examination—the breathalyzer test.

Second, Pipkin's right to an independent test was compromised. He was entitled to have his blood alcohol content determined from the vial of blood taken. Instead, when Gibson appropriated the vial, Pipkin could only avail himself of an independent test by having a second sample of blood withdrawn. Indeed, this is precisely what Pipkin was advised by Gibson.

These violations mandate a suppression of both the breathalyzer and blood test results. *Town of Fairfax v. Smith,* 285 S. C. 458, 330 S. E. (2d) 290 (1985).

Pipkin's conviction is reversed and the case remanded for a new trial.

Reversed and remanded.