22894

The STATE, Respondent v. Lawrence H. WILSON, Appellant.

(370 S. E. (2d) 715)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Amie L. Clifford*, and *Solicitor James C. Anders*, Columbia, *for respondent.*

Heard May 2, 1988.

Decided Aug. 1, 1988.

FINNEY, Justice:

Appellant Lawrence Wilson was convicted of driving under the influence (third offense) and sentenced to two years imprisonment. We affirm.

Trooper Paul Smith of the South Carolina Highway Patrol was traveling south on Highway 277 on October 8, 1986, at 2:30 A.M. He observed appellant's automobile weaving between lanes as it traveled approximately twenty miles per hour in a fifty-five mile zone. Trooper Smith arrested appellant for driving under the influence and advised him of his rights. As appellant was being transported to the Richland County Sheriff's Department, he stated that he had consumed a half pint of Vodka.

Law enforcement officials administered a breathalyzer test, which registered a blood alcohol content of .28. Appellant then requested that an independent blood test be performed at Moncrief Army Hospital. Because Moncrief Army Hospital does not conduct blood tests for non-federal crimes, appellant chose to go to Baptist Hospital.

Sheriff's officials transported appellant to Baptist Hospital where a nurse drew two vials of blood from appellant without objection. Appellant received one of the vials and law enforcement personnel the other. Hospital personnel then informed appellant that Baptist did not analyze blood alcohol content. Appellant returned to the Sheriff's Department and was incarcerated for sixteen days. Sheriff's officials had their vial of appellant's blood analyzed and the

report showed a blood alcohol content of .259. Upon appellant's release from jail, he took his vial of blood, which had been refrigerated, to Moncrief Army Hospital for analysis. Because of its testing methodology, Moncrief Hospital did not analyze appellant's blood. Appellant was advised to have the blood analyzed at Richland Memorial Hospital, but appellant made no further attempt to have the blood analyzed.

Appellant argues that Section 56-5-2950 of the 1976 Code of Laws of South Carolina, as amended, and in effect at the time of the alleged offense, does not grant implied consent to an independent blood test.

Appellant submits that Section 56-5-2950(a) permits implied consent to a chemical test—breathalyzer examination—to determine the alcohol content of blood but not to a blood test.[1] S. C. Code Ann. § 56-5-2950(a) (1976). In *State v. Pipkin*, 294 S. C. 336, 364 S. E. (2d) 464 (1988), this court held that the defendant charged with driving while intoxicated and having submitted to a breathalyzer examination was only required to submit to one examination of his blood alcohol content under Section 56-5-2950. The court concluded there was no implied consent for an independent blood test to determine the alcohol content of an accused's blood under the statute. *State v. Pipkin*, 364 S. E. (2d) at 465.

In the instant case, appellant consented to a breathalyzer examination and requested an independent blood test. Two vials of blood were taken from appellant and the results from the State's blood analysis were introduced at trial. Section 56-5-2950(a) contains an independent blood test provision[2] which allows an accused to obtain independent

---

[1] The Court notes that at the time of appellant's offense (October 8, 1986), Section 56-5-2950 limited implied consent to breathalyzer examinations. However, the 1987 amendments to Section 56-5-2950 now include the implied consent of a driver to a blood test under specific circumstances. S. C. Code Ann. § 56-5-2950 (Cum. Supp. 1987).

[2] Section 56-5-2950(a) provides in part:

No person shall be required to submit to more than one test for any one offense for which he has been charged and the tests shall be administered as soon as practicable without undue delay. *The person tested may have a physician, qualified technician, chemist, registered nurse or other qualified person of his own choosing conduct a test or tests in addition to the test administered by the law enforcement officer.* (Emphasis added.)

evidence. *See State v. Pipkin, supra,* and *Town of Fairfax v. Smith,* 285 S. C. 458, 330 S. E. (2d) 290 (1985).

We find that the trial court erred in admitting the analysis of the blood test into evidence. However, the admission of the blood test results did not prejudice appellant because it was cumulative to the other evidence, i.e., testimony that appellant drank a half pint of Vodka and breathalyzer results indicating an alcohol content of .28. *See Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967); *State v. McFarlane,* 279 S. C. 327, 306 S. E. (2d) 611 (1983).

We conclude that appellant was not denied his statutory right to a reasonable opportunity to have his blood tested by an independent, qualified person as were the defendants in *Town of Fairfax* and *Pipkin.* Accordingly, we affirm the decision of the trial court.

Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.