23521

The STATE, Appellant v. Kenneth MABE, Respondent.

(412 S.E. (2d) 386)

Supreme Court

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Larry F. Grant,* York, *for appellant.*

*Charles B. Burnette, III,* of *Ridley, Ridley & Burnette,* Rock Hill, *for respondent.*

Heard Oct. 22, 1991.

Decided Dec. 9, 1991.

HARWELL, Justice:

The question presented is whether the trial judge erred in granting respondent Kenneth Mabe's motion to suppress a report of chemical analysis. The trial judge held respondent's

due process rights were offended because drugs used as evidence against him were destroyed before he had the opportunity to independently analyze them. We reverse.

## I. FACTS

In September 1988 respondent pled guilty to trafficking in cocaine in violation of S.C. Code Ann. § 44-53-370(e)(2)(b) (1976).[1] In November 1989 respondent was granted post-conviction relief and his guilty plea vacated. Before trial, respondent moved under Rule 6(d), SCR Crim P[2] to have an independent expert test and weigh the cocaine which was seized at the time of respondent's arrest. Appellant sought to comply, but discovered the cocaine had been destroyed in October 1988 by the York County Sheriff's Department in accordance with routine procedures. Appellant produced a report prepared by a chemical analyst pursuant to South Carolina Law Enforcement Division (SLED) procedures that indicated respondent had been in possession of three zip-loc plastic bags containing an aggregate of 41.283 grams of cocaine. Respondent moved to suppress the SLED report on the ground that he had been denied the right to independently test and weigh the cocaine.

The trial judge found that the sheriff's department had not acted in bad faith in destroying the cocaine after respondent's guilty plea. However, the trial judge found respondent had been denied his right under Rule 6(d) to independently test the cocaine. He granted respondent's motion to suppress testimony and evidence regarding the amount, weight, and analysis of the cocaine.

---

[1] S.C. Code Ann. § 44-53-370(e)(2)(b) (1976) makes possession of twenty-eight grams or more, but less than one hundred grams, of cocaine a felony punishable by imprisonment of not less than seven years nor more than twenty-five years and a fine of fifty thousand dollars.

[2] Rule 6(d), SCRCrimP provides:

(d) Waiver of Rights. Nothing in this Rule shall preclude the right of any defendant to obtain an expert chemist or analyst to test a substance in his behalf, provided it is tested under the supervision of the authority having custody of the substance or of SLED. Nothing in this Rule shall preclude the right of any party to introduce any evidence supporting or contradicting reports or papers entered into evidence under this Rule.

## II. DISCUSSION

The trial judge's pretrial order granting suppression of evidence significantly impairs the prosecution of this case. We assume jurisdiction pursuant to S.C. Code Ann. § 14-3-330(2)(a) (1976).[3] *See State v. McKnight*, 287 S.C. 167, 337 S.E. (2d) 208 (1985).

Appellant asserts that the trial judge erred as a matter of law in suppressing evidence of the amount, weight, and analysis of cocaine which formed the basis of the trafficking charge against respondent. We agree.

■ When a chemist or analyst signs a report of chemical analysis, he certifies that he properly tested the materials delivered to him under SLED procedures, that the procedures are legally reliable, and that the material is or contains the substances stated. Rule 6(a). Reports of chemical analysis are not conclusive, but may be contradicted by other evidence. Rule 6(d). Rule 6(d) ensures that any otherwise existing rights a defendant has to procure independent analysis or to otherwise attack reports of chemical analysis prepared in accordance with Rule 6. Rule 6(d) does not create a right to independent chemical analysis for the benefit of a defendant.

■ Due process requires that a criminal defendant be afforded a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. (2d) 413 (1984). Included in the opportunity to present a complete defense is a defendant's privilege to request and obtain material evidence from the state for testing. *Id.; see also Town of Fairfax v. Smith*, 285 S.C. 458, 330 S.E. (2d) 290 (1985). The question becomes whether the right to independent testing is absolute so that due process is violated when evidence is destroyed before a defendant has the opportunity to conduct an independent analysis.

■ The state does not possess an absolute duty to preserve potentially useful evidence which could be subjected to tests which might exonerate a defendant. *Arizona v. Youngblood*, 488 U.S. 51, 109 S. Ct. 333, 102 L. Ed. (2d) (1988). A defendant must demonstrate either that the

---

[3] S.C. Code Ann. § 14-3-330(2)(a) (1976) grants this Court appellate jurisdiction to review an order "affecting a substantial right made in an action when such order . . . in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action. . . ."

state destroyed evidence in bad faith, or that the state destroyed evidence that possessed an exculpatory value that is apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means. *State v. Jackson*, 302 S.C. 313, 396 S.E. (2d) 101 (1990).

Applying these factors to the case before us, it appears that the cocaine was destroyed in reliance on respondent's having pled guilty to trafficking and in accordance with normal procedures after respondent entered his plea. The cocaine had no apparent exculpatory value. Respondent may attack the accuracy of the chemical analyst's methodology and equipment, or introduce any other evidence which might contradict the report of chemical analysis.

There being no showing appellant failed to comply with our holding in *Jackson,* we hold respondent was not denied due process because he was unable to independently analyze the cocaine. The trial judge erred as a matter of law in granting respondent's motion to suppress evidence of the amount, weight, and analysis of cocaine. The trial judge's order granting respondent's motion to suppress is reversed.

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.