1959

The STATE, Respondent v. Ernest Edward HARRIS, Jr., Appellant.

(427 S.E. (2d) 909)

Court of Appeals

---

*Asst. Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Alexandria Broughton Skinner,* Columbia; and *Sol. Holman C. Gossett,* Spartanburg, *for respondent.*

Heard Jan. 20, 1993

Decided March 1, 1993.

CURETON, Judge:

Appellant, Ernest Edward Harris, was tried and convicted of driving under the influence. He appeals his conviction. We affirm.

The issues raised in this appeal are whether the trial judge (1) ruled Harris was precluded from cross-examining the breathalyzer operator regarding whether Harris had reasonable opportunity to obtain a blood test, and (2) denied Harris due process of law by instructing the jury that taking the

breathalyzer test was a prerequisite to obtaining an independent blood test.

On a Saturday night, May 19, 1990, three narcotics officers sat in an unmarked vehicle outside a residence. They observed Harris stagger across the yard, throw down a beer can, climb into a truck, and drive off. The officers followed Harris in their vehicle and when he stopped his vehicle to repair his tire or to urinate, arrested him. The officers testified that they arrested Harris because he drove erratically, smelled of alcohol, was unsteady on his feet, and slurred his speech. He was taken to jail.

At the jail, Officer Brooks offered Harris a breathalyzer test. brooks testified that he read Harris the entire "breathalyzer check list." He specifically testified that he read the following statement to Harris: "If you take this breathalyzer test, either the arresting officer ... or I will give you reasonable assistance in contacting a qualified person of your own choosing to conduct an independent test at your own expense." Harris refused to take the breathalyzer. Brooks testified that Harris did not request a blood test and that he specifically did not tell Harris he had to take a breathalyzer test as a prerequisite to taking an independent test.

Harris testified that he asked Brooks for assistance in obtaining a blood test but that Brooks said "you're not getting no [sic] blood test." Harris testified that he told Brooks that he would pay for a blood test to prove he was not intoxicated. Harris also testified that Brooks did not specifically say to him that the taking of the breathalyzer test was a prerequisite to taking an independent blood test.

The first issue on appeal concerns the cross-examination of Officer Brooks. Defense counsel queried Brooks: "Have you ever, when a person has refused to take a breathalyzer test, taken the person to the hospital or wherever they asked to go?" The solicitor objected on the grounds that this question was a point of law. In response to the solicitor's objection, defense counsel stated: "My client is insistant [sic] ... that he asked for proper assistance in a blood test that night" and was refused. The court responded: "Now, you take the position ... that he has [the] right to be assisted to obtain a [blood] test whether or not he takes the [breathalyzer] test ... this is the purpose of [your] inquiry?" Defense counsel responded: "Yes

sir, it is ... If my client is to testify, he will say that he asked for a blood test and his officer refused him.

The solicitor took the position that "no one is allowed to request a blood test if they have refused the breathalyzer." After a recess, the court ruled that "only if you take the test under the statute then you would be entitled to request the assistance regarding the taking of another test ... [and] further inquiry along this line would be [ir]relevant."

Harris asserts on appeal the judge erred in not allowing him to cross-examine Brooks regarding what reasonable efforts could have been made by Brooks to assist Harris to obtain a blood test after he had refused the breathalyzer. The State asserts that although Harris was entitled to a reasonable opportunity to obtain a blood test on his own initiative, he was not entitled to affirmative assistance from the police in obtaining the test. Further, the State argues Harris' counsel's efforts to cross-examine Brooks were in regards to affirmative assistance Brooks may have rendered Harris, not Harris' reasonable opportunity to obtain an independent text. Thus the inquiry was irrelevant to the case.

The State also argues Harris has waived this issue on appeal because he did not raise it at trial and because he did not make an offer of proof as to Brooks' excluded testimony. Additionally, the State argues the error was harmless because there was no indication the testimony would have benefited Harris.

S.C. Code Ann. § 56-5-2950 (1976) as amended provides:

> (a) Any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine for the purpose of determining the presence of alcohol or drugs if arrested for any offense arising out of acts alleged to have been committed while the person was operating a motor vehicle while under the influence of alcohol, drugs, or a combination of them. Any test must be administered at the direction of a law enforcement officer who has apprehended a person for operating a motor vehicle in this State while under the influence of alcohol, drugs, or a combination of them. At the direction of the arresting officer the person first must be offered a breath test to determine the alcohol concentration of this blood. ...

* * * * * *

*The person tested or giving samples for testing* may have a qualified person of his own choosing conduct additional tests at his expense and must be notified of that right. A person's failure to request additional blood or urine tests shall not be admissible against the person in the criminal trial. The failure or inability of the person tested to obtain additional tests does not preclude the admission of evidence relating to the tests or samples taken at the direction of the law enforcement officer. (emphasis added)

*The arresting officer shall provide reasonable assistance to the person to contact a qualified person to conduct additional tests.* (emphasis added)

The purpose of S.C. Code Ann. § 56-5-2950 "is to permit an accused person to gather independent evidence to submit in reply to that of the prosecuting authority." *Town of Fairfax v. Smith*, 285 S.C. 458, 460, 330 S.E. (2d) 290, 290 (1985).

A DUI suspect is entitled to a reasonable opportunity to obtain a blood test although he refuses to take a breathalyzer test. A person who takes a breathalyzer test is entitled to affirmative assistance form the police in obtaining a blood test. *State v. Lewis*, 266 S.C. 45, 48, 221 S.E. (2d) 524, 526 (1976) (access to a telephone and telephone book are sufficient to show reasonable opportunity); *State v. Sullivan*, — S.C. —, 426 S.E. (2d) 766, 769 (1993) ("ample time and the means (telephone) by which to make arrangements for independent testing" constituted reasonable opportunity); *State v. Degnan*, 305 S.C. 369, 371, 409 S.E. (2d) 346, 348 (1991) (access to telephone sufficient to show reasonable opportunity).

Our review of the exchange between Harris' counsel and the judge convinces us that the thrust of councel's inquiry was to ascertain what affirmative assistance Officer Brooks could have rendered Harris in obtaining an independent test. Such a line of inquiry was irrelevant under *State v. Lewis.*

In his brief, Harris argues that "[t]he issue here is not the assistance of the State in obtaining a blood test, but proper notice and a reasonable opportunity to obtain such a test." He continues: "The judge therefore erred in not allowing defense counsel to cross-examine Brooks about reasonable efforts that

can be made to obtain a blood test in the event the breathalyzer test is refused."

Due process requires that a criminal defendant be ■ given a reasonable opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed. (2d) 413 (1984); *State v. Mabe*, — S.C. —, 412 S.E. (2d) 386, 388 (1991).

In our view Harris raises a valid point regarding notice. We see no practical benefit from affording a suspect a reasonable opportunity to obtain an independent test after he refuses to take the breathalyzer test if law enforcement is not required to inform him of and outline to him the parameters of that opportunity. This point, however, is not embraced in the issue preserved for our review. The issue preserved is whether the trial judge should have permitted further cross-examination of Harris. Because Harris' trial counsel indicated to the court that the focus of his cross-examination of Brooks was to determine Harris' "right to be assisted to obtain a test," a right to which he is not entitled, we see no error in the trial court limiting cross-examination. An issue not raised at trial is waived on appeal. *State v. Newton*, 274 S.C. 287, 293, 262 S.E. (2d) 906, 910 (1980).

Additionally, we see no indication in the record Harris ■ attempted to proffer Brooks' testimony concerning the alleged lack of opportunity to obtain an independent test. If counsel fails to make an offer of proof regarding excluded evidence, there is nothing to review on appeal. *State v. Roper*, 274 S.C. 14, 20 260 S.E. (2d) 705, 708 (1979). In the absence of any indication that the excluded testimony would have benefited the appellant, the error is harmless. *State v. Wright*, 271, S.C. 534, 539, 248 S.E. (2d) 490, 493 (1978).

The second issue on appeal concerns the solicitor's request to charge and the jury charge itself. The State's first request was to charge S.C. Code Ann. § 56-5-2950(a). Defense counsel did not object to the charging of this statute. The State's second request was to charge that "submission of the defendant [to] the breathalyzer is [a] prerequisite [for a] request for [a] blood test." Harris' counsel objected, stating that "the State in its actions denied my client the right to gather evidence for his defense." He added that "[w]hat I'm arguing is that the statute clashes with my client's due process rights . . . to pre-

sent his defense." He also stated that "I want to argue that he . . . asked for a blood test and did not receive it." The court ruled that "I'm not gonna [sic] limit some logical arguments you may have."

■ The charge to the jury included the statute but not the solicitor's second request.[1] The judge charged the jury on the statute as follows:

> The statute further provides the person tested may have [a] qualified person of his own choosing conduct additional test[s] at his expense, and [he] must be notified of that right. This additional provision . . . provides *a person tested* may have a qualified person of his own choosing conduct additional test[s] at his expense and [he] must be notified of that right. (emphasis added)

Harris asserts on appeal that because the State presented testimony as to Harris' physical condition at the time of arrest, he was entitled to a reasonable opportunity to obtain evidence to rebut the State's testimony through an independent blood test. He argues the judge destroyed his defense by, in essence, instructing the jury he had no right to refuse a breathalyzer and request an independent test. Conversely, the State contends the charge given to the jury was a correct statement of the general rule of implied consent under S.C. Code Ann. § 56-5-2950 and that Harris waived any error on appeal by failing to request a charge of the law of reasonable opportunity as announced in *State v. Lewis*.

■ It appears that the heart of Harris' objection to the charge is not that the charge was improper but rather that it was incomplete in that it did not state that a person who refuses the breathalyzer is nevertheless entitled to a reasonable opportunity to take an independent test. When the charge given is correct as a general statement of the rule, a party seeking more complete instructions must ask for them. *Leonard v. Broad River Power Co.*, 174 S.C. 199, 204, 177 S.E. 152, 155 (1934). The record does not contain a request by Harris to charge the law of reasonable opportunity. We find no reversible error.

---

[1] The State acknowledges that the solicitor's second jury request was erroneous.

Accordingly, the order of the trial court is

Affirmed.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.

