THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 City of Columbia,
 Respondent,
v.
Marie Therese Assaad-Faltas, Appellant.
 
 
 

Appeal From Richland County
 James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2005-UP-143
Submitted February 1, 2005  Filed March 1, 2005   

AFFIRMED

 
 
 
Marie Therese Assaad-Faltas, of Columbia, pro se, for Appellant. 
Dana M. Thye, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Marie Therese Assaad-Faltas appeals from her conviction in municipal court for shoplifting.  The circuit court, in its appellate capacity, affirmed.  We now affirm. 
FACTS
Faltas was arrested after two Wal-Mart employees witnessed her swap the labels of two less expensive folders for two more expensive binders.  The arrest warrant charged her with shoplifting less than $1000 worth of merchandise in violation of section 16-13-110 of the South Carolina Code (2003).
At trial, E.J. Lipscomb, an employee of Wal-Mart, testified he witnessed Faltas exchange the labels on the binders for other labels.  He testified that she then attempted to purchase the binders with the different labels.  Faltas was subsequently stopped and questioned by Lipscomb and another employee, Frederick Stevens.  
Lipscomb identified a Polaroid photograph taken the date of the incident and testified it properly depicted the binders and folders that Faltas attempted to purchase with swapped labels. Finally, he testified the actual binders were returned to the store shelves and the labels, which were removed, were not kept.  
Stevens also testified regarding the incident.  He observed Faltas removing the labels from binders and from colored folders.  Stevens confirmed with the cashier that Faltas purchased binders, not folders.  Faltas was stopped and had only the clear binders in her possession.  
Faltas fired her counsel midway through trial.  After being appropriately warned of the dangers of self-representation by the trial court, Faltas was allowed to proceed at trial pro se.  She was allowed to recall several of the Citys witnesses to reexamine them.  
Faltas testified that she neither shoplifted nor had the intent to shoplift.  She explained she switched the labels to correct an initial mislabeling by Wal-Mart.   Faltas asserted that she purchased binders at the appropriate price.  Finally, Faltas challenged the Polaroid photograph and indicated the binders and folders depicted were not those she attempted to purchase, nor were they the ones on which she tried to correct the labels.  
Faltas was convicted of shoplifting and fined $500.  The circuit court affirmed her conviction and sentence.  The court subsequently denied her Rule 59(e), SCRCP, motion and a motion to perpetuate testimony.  This appeal followed. 
STANDARD OF REVIEW
In criminal appeals from magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception.  In reviewing criminal cases, this court may review errors of law only.  State v. Henderson, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (internal citations omitted); see also, S.C. Code Ann. § 14-25-105 (Supp. 2004) (There shall be no trial de novo on any appeal from a municipal court).
DISCUSSION
Faltas raises a multitude of issues related to the conduct and outcome of her trial in municipal court.  The issues will be considered as they are presented in Faltass Statement of Issues on Appeal in her brief.
I.       Motion to Dismiss
Faltas alleges the municipal court erred in failing to dismiss her case.  She claims the warrant failed to state a crime and did not provide her adequate notice; the evidence was not properly maintained and presented at trial; and the City aggravated the unfairness by inexcusably refusing to show the Defense any remaining evidence until the morning of trial.  
A.      Warrant
Faltas contends the warrant failed to state a crime and did not give Appellant notice of the charges against her.  We disagree.
First, this issue was not sufficiently raised to the trial court.  As such, it is not preserved for review on appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  
However, as the arrest warrant serves the function of an indictment in magistrate and municipal courts, the sufficiency of the indictment may impact the subject matter jurisdiction of the court.  Faltass argument also fails on the merits.  All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue.  S.C. Code Ann. § 22-3-710 (Supp. 2004).  This section requires the offense with which a party is charged should be set forth plainly and substantially, so as to enable the party accused to understand the nature of the offense charged, in order that the party may be prepared to meet the charge at the proper time.  See State v. Randolph, 239 S.C. 79, 84, 121 S.E.2d 349, 351 (1961).   
The affidavit as part of the arrest warrant clearly sets forth the location of the crime and the facts underlying the crime.  It explains Faltas was observed swapping price tags on merchandise for tags that were less expensive.  The arrest warrant then lists the offense and the applicable section of the South Carolina Code:  Shoplifting under $1000  16-13-110.  Accordingly, we find Faltas was properly advised of the nature of the offense for which she has been charged.
B.      Preservation of Evidence
Faltass main contention throughout her brief appears to be the failure of either Wal-Mart or the City to maintain the actual folders and labels she allegedly shoplifted.  She asserts that because they failed to present the actual folders at trial, the charges should have been dismissed.  We disagree.
In State v. Cheeseboro, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001), the South Carolina Supreme Court explained:

The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant.  Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); State v. Mabe, 306 S.C. 355, 412 S.E.2d 386 (1991); State v. Jackson, 302 S.C. 313, 396 S.E.2d 101 (1990).  To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means.  State v. Mabe, supra; State v. Jackson, supra.

In both Cheeseboro and Mabe, evidence was destroyed without bad faith and the appellant in each case was unable to prove the evidence had exculpatory value.  In Jackson, however, the evidence was found to be material and the destruction was done even though the State knew the evidence was material.  The court concluded:  In the case at bar, the videotape was clearly material.  The exculpatory value was apparent before its destruction because one assistant solicitor was willing to drop the charges because of it.  In addition, Jackson had no other evidence and could not obtain evidence of comparable value.  Jackson, 302 S.C. at 316, 396 S.E.2d at 102.
In the instant case, testimony indicated the evidence was returned to Wal-Mart after being photographed, pursuant to Wal-Marts standard procedure.  Witnesses testified the photographs accurately represented the evidence.  Faltas has been unable to demonstrate the return of the evidence to Wal-Mart for re-labeling and sale was done in bad faith.  Nor has Faltas, in the judgment of the circuit court and this court, explained the exculpatory value of the folders.  Finally, Faltas was able to bring like folders and binders to the trial for use in cross-examination and demonstrative purposes.  She was not prevented from being able to make her defense by the return of the folders and binders to the general merchandise of the store.  We further adopt the reasoning and analysis of the circuit court in its well-reasoned opinion.  We join the circuit court in finding that the trial court properly denied Faltass motion to dismiss on this ground.
C.      Refusal to Provide Evidence Ahead of Trial
Faltas contends the trial court erred in allowing the trial to proceed when she was not presented the evidence prior to the date of trial.  We disagree.
Faltas attempts to use this issue to expand on her discussion of the previous issue regarding whether the trial court improperly refused to dismiss the case because the actual folders and binders were not maintained.  At trial, she did not seek to challenge the authenticity of the photograph when it was entered into evidence.  Therefore, her current issue is not preserved for review on appeal as it was not specifically raised to or ruled on by the trial court.  See Wilder Corp., 330 S.C. at 76, 497 S.E.2d at 733.
II.      Admission of the Polaroid Photograph
Faltas contends the trial court erred in admitting the photograph over Defense objection because it was not independently corroborated.  She also maintains it was error for the court to rely on the photograph in finding her guilty of shoplifting.  We disagree.
Faltas attempts to use this issue to expand on her discussion of the previous issue regarding whether the trial court improperly refused to dismiss the case because the actual folders and binders were not maintained.  At trial, she did not seek to challenge the authenticity of the photograph when it was entered into evidence.  She sought to challenge the lack of the physical evidence and the chain of custody.  Therefore, her current issue is not preserved for review on appeal as it was not specifically raised to or ruled on by the trial court.  See id.
On the merits, [t]he admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice.  State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004).  An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law.  Id. 
Two witnesses testified at trial that the photographs properly showed the folders and binders at issue.  Both witnesses testified regarding the contents of the photographs and had no difficulty identifying the contents. It was not error for the court to admit the evidence.  As to the courts reliance on the evidence, that goes to the weight of the evidence and is not reviewable on appeal.  See State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (In criminal cases, the appellate court sits to review errors of law only. We are bound by the trial courts factual findings unless they are clearly erroneous. . . . This Court does not re-evaluate the facts based on its own view of the  evidence but simply determines whether the trial judges ruling is supported by any evidence.).  The decision of the trial court to admit the photograph and any reliance placed on the photograph in making its ultimate determination is affirmed.
III.    Directed
Verdict
Faltas contends the trial court erred in failing to grant her motion for a directed verdict.  We disagree.
On appeal from the denial of a directed verdict in a criminal case, an appellate court must view the evidence in the light most favorable to the State.  State v. Curtis, 356 S.C. 622, 633, 591 S.E.2d 600, 605 (2004).  When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight.  State v. Wilds, 355 S.C. 269, 274, 584 S.E.2d 138, 140 (Ct. App. 2003).  A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged.  State v. McKnight, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003).

Section 16-13-110(A)(2) of the South Carolina Code (2003) states:
 
(A) A person is guilty of shoplifting if he:
.
(2) alters, transfers, or removes any label, price tag marking, indicia of value, or any other markings which aid in determining value affixed to any merchandise displayed, held, stored, or offered for sale in a store or other retail mercantile establishment and attempts to purchase the merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of the merchandise. . . .
 

The directed verdict motion here concerned the failure of the City to provide the court with the actual labels removed from the folders and placed on the binders.  Faltas asserted the City failed to provide evidence of her intent to buy an item for less than it was priced.  Any contentions beyond that specifically raised in the motion to the trial court are not preserved for review on appeal.  See State v. Newton, 274 S.C. 287, 293, 262 S.E.2d 906, 910 (1980) (stating matters not passed upon by the trial court will not be reviewed).
Two Wal-Mart employees testified to observing Faltas switch labels from less expensive items to more expensive ones.  The witnesses testimony indicated Faltas then purchased the more expensive binders, although she only paid the cost of the less expensive folders.  Additionally, a receipt was produced indicating the cost of the items purchased was $0.97, which was the cost of the less expensive folders and not the cost of the binders the witnesses testified Faltas had in her possession when she was stopped.  We find there is evidence in the record indicating Faltas swapped the labels with the intent to deprive Wal-Mart of the full value of the merchandise.
IV.    Wal-Mart Manifest and Motion for Continuance
Faltas contends the trial court erred in refusing to grant her a mid-trial continuance in order to obtain a routing manifest in Wal-Marts possession.  Additionally, she argues the court erred in not finding the failure of the City to provide the manifest prior to trial was a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963).  We disagree, and again crave reference to the order of the circuit court.
A.      Continuance
A trial courts denial of a motion for continuance will not be disturbed absent a clear abuse of discretion.  State v. McMillian, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002).  During trial, Faltass counselshortly before his discharge by Faltasbegan questioning Lipscomb regarding any internal documents or manifest produced by Wal-Mart involving this incident.  Lipscomb indicated there was and he believed it was brought to trial.  However, the document was not located.  Lipscomb testified the manifest contained only information that had already been testified to by Wal-Mart employees.  No motion for a continuance was made at the time of the initial testimony regarding the manifest.
Faltas then dismissed her counsel and proceeded pro se.  The court properly questioned Faltas regarding her understanding of the dangers of representing herself and instructed her that there would be no continuance on the grounds of her dismissing counsel.  After beginning her questioning of Stevens, Faltas moved for a continuance to examine the manifest.  The trial court denied this motion.  This motion was not contemporaneous with the introduction of the testimony regarding the manifest.  
Faltass counsel, prior to being fired, questioned Lipscomb regarding the manifest and its content.  Faltas did not immediately move for a continuance after assuming her representation and was warned no continuances would be granted.  As the motion was not contemporaneous with the testimony regarding the manifest and there is no indication the continuance would have provided any additional information, it was not an abuse of discretion for the court to deny the motion.
 B.      Brady Violation
Faltas also appears to argue there was a Brady violation by the City for failing to provide the manifest prior to trial.  We disagree.
First, it is doubtful this issue was preserved for review.  Second, Faltas provides no basis beyond speculation as to the exculpatory value of the document.  In any event, the manifest was never in the possession of the City.  It was an internal document created by Wal-Mart and was at all times in the possession of Wal-Mart or its employees.  See State v. Kennerly, 331 S.C. 442, 452, 503 S.E.2d 214, 220 (Ct. App. 1998) (holding Brady requires the prosecution to disclose evidence that is:  1) in its possession; 2) favorable to the accused; and 3) material to guilt or punishment).
V.      Ineffective Assistance of Counsel and Confrontation of Witnesses
In her brief, Faltas asserts:  Defendants must not be forced to choose only one of her several Sixth Amendment rights.  Trial judge had her choose between effective assistance of counsel and effective confrontation of her accusers and effectively deprived her of both.  
In her arguments in her brief, she does not seem to raise the effective assistance of counsel argument again.  As such, it is deemed abandoned.  See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (finding appellant was deemed to have abandoned issue for which he failed to provide any argument or supporting authority).  Additionally, there is no claim for ineffective assistance of counsel on direct appeal.  See State v. Felder, 290 S.C. 521, 522, 351 S.E.2d 852, 852 (1986) (holding post-conviction relief, rather than direct appeal, was proper avenue of relief for defendant claiming ineffective assistance of counsel).
As to her argument on the trial judges restriction on her confrontation of witnesses, she seems to claim in her brief the limitation was caused by the failure of Wal-Mart and the City to preserve the binders and labels.  This issue has been appropriately addressed above.  
To the extent that she is critical of the trial judges handling of her examination and cross-examination of witnesses, we find the claim to be without merit.  Normally, we will not disturb on appeal a trial courts ruling concerning the scope of cross-examination of a witness to test his credibility absent an abuse of discretion.  State v. Lynn, 277 S.C. 222, 225, 284 S.E.2d 786, 788 (1981).  However, the right to meaningful cross-examination of an adverse witness is included in the defendants Sixth Amendment right to confront his accuser.  State v. Graham, 314 S.C. 383, 385, 444 S.E.2d 525, 527 (1994).  In Delaware v. Van Arsdall, the United States Supreme Court held that the Confrontation Clause does not prevent:

a trial judge from imposing any limits on defense counsels inquiry into the potential bias of a prosecution witness.  On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . or interrogation that is repetitive or only marginally relevant.

Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).
After electing to proceed pro se, Faltas was allowed wide latitude in recalling the Citys witnesses and in questioning witnesses.  The trial court prohibited her from asking repetitive questions and from rehashing all the testimony previously elicited by her counsel.  We find no abuse of discretion in the limitations placed upon Faltass examination and confrontation of witnesses.
VI.    Reasonable Doubt and Circumstantial Evidence
Faltas contends the trial court applied an incorrect standard in determining whether the City had proven its case beyond a reasonable doubt.  Additionally, she maintains the trial court improperly weighed the circumstantial evidence in the case.  We disagree.
First, it appears the claims may not be preserved for review on appeal.  She raises the issues in her brief as what she terms the Judges Instructions to Himself.  She asserts the trial courts statement of her guilt indicates he utilized the incorrect standard.  The court stated:  I just find Mr. Lipscombs testimony credible, and then when I go over the physical evidence, I dont, Im not shaken, so I think the evidence is there, and Im going to find her guilty.  However, she failed to preserve any error because she did not raise any objection to the statement or to the application of an allegedly incorrect standard.  A contemporaneous objection would be required to raise the issue before the trial court and preserve it for appellate review.  State v. Johnson, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996).  Accordingly, neither claim is preserved for review on appeal.
On her claim regarding the circumstantial evidence, Faltas additionally did not raise the issue to the circuit court nor obtain a ruling on the issue from the circuit court on appeal.  For this additional reason, the specific claim is not preserved for our review.  See City of Columbia v. Ervin, 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998) (stating an issue not raised to an intermediate appellate court cannot be considered in a subsequent appeal to the court of appeals or supreme court).
The circuit court did address the merits of her claim regarding reasonable doubt.  This claim also fails on the merits for the reasons expressed in the circuit courts order.  Pursuant to section 14-25-45 of the South Carolina Code (Supp. 2004), municipal courts have jurisdiction in criminal cases and are explicitly restricted from having jurisdiction in civil cases.  The only standard of review utilized by the court is the beyond a reasonable doubt standard established for criminal matters.  The use of the phrase Im not shaken is not evidence the trial court utilized an incorrect standard as Faltas claims.  Nothing in the record indicates the judge utilized an incorrect standard or gave himself improper instruction regarding the appropriate standard.  We find no error in the judges verdict or the explanation of his verdict.
VII.   Motion to Supplement Record and Perpetuate Testimony
Faltas contends the trial court erred in failing to allow her to supplement the record with additional evidence, and the circuit court erred in refusing to allow her to perpetuate testimony.  
Neither of these contentions appears to be argued in Faltass brief.  The issues are deemed abandoned.  See, e.g., Jinks v. Richland County, 355 S.C. 341, 344, 585 S.E.2d 281, 283 (2003) (holding the court will not consider issues raised on appeal but not argued in the body of the brief); Fields v. Melrose Ltd. Pship., 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) (finding issue is deemed abandoned where appellants raise alternative holding in their statement of the issues on appeal, but they fail to argue it in their brief).  We reject these contentions as meritless in any event.  The circuit court and this court serve only in an appellate capacity in this matter.
CONCLUSION
The shoplifting conviction of Faltas is
AFFIRMED.
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.