THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Andra Byron Jamison, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2012-UP-058
 Heard November 16, 2011  Filed February
1, 2012   

AFFIRMED

 
 
 
 Jeremy A. Thompson, of Columbia, for
 Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General Mark R. Farthing, all of Columbia;
 and Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Andra Jamison appeals his conviction for
 felony driving under the influence resulting in death.  We find the State
 denied Jamison a reasonable opportunity to obtain testing of his own blood
 sample, and therefore the trial court erred in admitting the results of testing
 the State performed on its sample of Jamison's blood.  See S.C. Code
 Ann. § 56-5-2946 (2006) ("A person who is
 tested or gives samples for testing may have a qualified person of his choice
 conduct additional tests at his expense . . . ."); see also State
 v. Lewis, 266 S.C. 45, 48, 221 S.E.2d 524, 526 (1976) (holding a DUI
 suspect who refuses to take a breathalyzer test is entitled to a reasonable
 opportunity to obtain independent testing of his blood).  However, we find the
 error to be harmless and affirm pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: State v. Sims,
 387 S.C. 557, 566-67, 694 S.E.2d 9, 14-15 (2010) (finding erroneous admission
 of evidence was harmless, and therefore did not warrant reversal, when guilt
 was conclusively proven by other evidence such that no other rational
 conclusion could be reached); State v. Wilson, 296 S.C. 73, 76, 370 S.E.2d 715, 716 (1988) (finding
 erroneous admission of blood test results was not prejudicial in a DUI trial when
 other evidence demonstrated defendant's intoxication).  
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.