**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Henry Norris Johnson, Jr., Appellant.

Appellate Case No. 2015-002242

———————

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP194
Submitted April 1, 2018 – Filed May 9, 2018

———————

**AFFIRMED**

———————

Elizabeth Anne Franklin-Best, of Blume Norris & Franklin-Best LLC, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Henry Norris Johnson, Jr. appeals his convictions for murder and first-degree burglary, arguing the trial court erred by (1) denying his motion for a

directed verdict because the State presented insufficient evidence to support his convictions and (2) allowing the State to introduce ballistics evidence through hearsay testimony and in violation of the Confrontation Clause. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the denial of Johnson's motion for a directed verdict: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Buckmon*, 347 S.C. 316, 321, 555 S.E.2d 402, 404 (2001) ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this court] must find the case was properly submitted to the jury."); *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight.").

2. As to the admission of hearsay testimony: *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("In criminal cases, the appellate court sits only to review errors of law [that] have been properly preserved . . . ."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *State v. Harris*, 311 S.C. 162, 167, 427 S.E.2d 909, 912 (Ct. App. 1993) ("An issue not raised at trial is waived on appeal.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.