719 S.E.2d 665

**UNION COUNTY SHERIFF'S OFFICE, Respondent,**

v.

**Jesse HENDERSON and Robert Baldwin, Defendants,**

**In re Willard Farr, Owner and Seven Video Machines, Appellants.**

**No. 27077.**

Supreme Court of South Carolina.

Heard Nov. 3, 2011.

Decided Dec. 19, 2011.

C. Rauch Wise, of Greenwood, for Appellants.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Deputy Attorney General T. Stephen Lynch, and Assistant Attorney General Mary Frances Jowers, all of Columbia, for Respondent.

PER CURIAM.

This is an appeal from a circuit court order affirming a magistrate's court order upholding the destruction of seven video games determined to be illegal gaming devices prohibited by S.C.Code Ann. § 12–21–2710 (2000). Appellant Farr (appellant) contends the magistrate's order should have been reversed because the State could not identify which of the seven machines the confidential informant (CI) had played, and because the State could not show that six of the seven machines had a playable illegal game at the time of the seizure hearing. We affirm.

Appellant owns seven machines seized from a Union business.[1] The magistrate issued an Order of Destruction/Notice of Post Seizure Hearing and appellant timely sought a Post–Seizure Hearing. Following this evidentiary hearing, the magistrate issued an order finding the seven machines to be illegal gambling devices, and affirming the Order of Destruction. Appellant appealed to the circuit court which upheld the magistrate's order after a hearing. Appellant's motion to alter or amend was denied.

## ISSUES

1. Did the circuit court err in affirming the Order of Destruction when the State could not demonstrate that any unlawful game could be played on six of the seized machines at the post-seizure hearing?

2. Did the circuit court err in finding the State met its burden of proof where the confidential informant (CI)

---

1. Since this forfeiture action is in rem, the proper defendants are only the seven seized machines which are the subject of the Order of Destruction.

could not identify which of the seven machines she had played?

## ANALYSIS

 The magistrate's factual findings, confirmed by the circuit court, must be upheld by the appellate court if supported by any evidence. *South Carolina Law Enforcement Div. v. 1–Speedmaster S/N 00218*, —— S.C. ——, —— S.E.2d ——, 2011 WL 4550184 (Ct.App.2011). At a post-seizure hearing, the burden is on the owner of the *res* to show why the seized property should not be forfeited and destroyed. *State v. 192 Coin–Operated Video Game Machines*, 338 S.C. 176, 525 S.E.2d 872 (2000).

### I. *Operational at time of hearing*

 Appellant contends the circuit court erred in upholding the magistrate's Order of Destruction when the State was unable to prove that six of the seven machines had an illegal game installed that could actually be played at the time of the post-seizure hearing. We disagree.

The State presented evidence that although no illegal game could be played on six of the seven machines at the time of the hearing, the hard drive of each machine had an administrative record reflecting that the illegal game(s) on the machine had been played multiple times. Expert testimony established that the seized machines had been altered post-manufacture so that an individual possessing a receiver, magnet, or other device could delete the game from the machine's 'play list' while leaving the administrative record. A video introduced at the post-seizure hearing [2] showed the CI playing an illegal game on one of the machines during the State's undercover operation.

 Section 12–21–2710 makes it unlawful to possess illegal gambling machines, even if they are not fully operational. The mere possession of the gambling devices, or even

---

**2.** Appellant opted not to provide the video to this Court. It is not clear whether the video was before the circuit court. In addition, the State had eight photos that apparently were introduced at the Post–Seizure Hearing, none of which were provided to the Court.

their component parts, is unlawful. *State v. 192 Coin–Operated Video Game Machines, supra.* Moreover, testimony from the CI, the video showing illegal games being played on one of the machines, evidence that illegal games were installed on the machines, and evidence that the machines had been altered to allow the "quick" deletion of games is sufficient to uphold the lower courts' findings that the machines are illegal gambling devices under § 12–21–2710. Moreover, appellant misstates the burden of proof at the post-seizure hearing, which rests upon him to show why the machines should not be forfeited and destroyed, and not with the State to prove the machines are operable. *State v. 192 Coin–Operated Video Game Machines, supra.* Appellant is simply in error in arguing that the State must be able to play the illegal game at the post-seizure hearing.

## II. *Identification*

■ The CI testified that she was given $40 before entering the Union business. She inserted the two twenties into one of the machines and then played the same game several times. She later told the cashier that she was finished playing, and based upon the number of free plays remaining on the machine, he gave her $15 from the business's till. At the hearing, the CI could not identify which machine she had played, but a SLED agent testified that the $40, which had been marked before being given to the CI, was found in one of the machines. The SLED agent could not identify from which machine the marked money was recovered.

Appellant contends that the State failed in its burden of proof because the CI was unable to identify on which of the seven machines seized she had actually played the illegal game. Appellant misunderstands the burden of proof at this post-seizure hearing, which rests solely on the owner of the seized machines to show why the machines should not be forfeited and destroyed. *State v. 192 Coin–Operated Video Game Machines, supra.* There is evidence in the record to support the factual findings that all seven machines are illegal gambling devices.

## CONCLUSION

The circuit court order affirming the magistrate's order is **AFFIRMED.**

TOAL, C.J., PLEICONES, BEATTY, HEARN, JJ., and Acting Justice Alexander S. Macaulay, concur.