646 S.E.2d 879

**The CITY OF ROCK HILL, Appellant,**

**v.**

**Cynthia A. SUCHENSKI, Respondent.**

**No. 26345.**

Supreme Court of South Carolina.

Heard Jan. 4, 2007.
Decided June 18, 2007.
Rehearing Denied July 24, 2007.

Harry P. Collins, of Rock Hill, for Appellant.
Thomas F. McDow, of Rock Hill, for Respondent.

14

Acting Justice MANNING:

This is an appeal from the Rock Hill municipal court. Cynthia Suchenski (respondent) was found guilty of driving with an unlawful alcohol concentration (DUAC), and the circuit court reversed her conviction based on the City of Rock Hill's (City's) failure to comply with S.C.Code Ann. § 56–5–2953 (2006), which requires the arresting officer to provide videotaping of the incident site. We affirm.

## FACTS

Respondent was arrested for driving under the influence (DUI) and was later charged with DUAC. At the incident site, the arresting officer did not videotape the entire arrest as required by § 56–5–2953 because the officer's camera ran out of tape. The videotaping began upon activation of the officer's blue lights and recorded two field sobriety tests and the *Miranda* warnings, but the tape stopped before the officer administered a third field sobriety test and before respondent was arrested.

At trial, respondent moved to dismiss the charges due to the officer's failure to provide a complete videotape from the incident site. The officer testified that a tape had never ended during an arrest before and that he turned on his blue lights and assumed the videotape was running as usual. The officer stated he did not know the tape was about to expire. The municipal court denied the motion pursuant to the statute on the grounds of exigent circumstances. The municipal court also cited *State v. Huntley,* 349 S.C. 1, 562 S.E.2d 472 (2002), and *State v. Mabe,* 306 S.C. 355, 412 S.E.2d 386 (1991), in support of its denial of respondent's motion to dismiss.

The case was tried before a jury, and respondent was found guilty. Respondent appealed her conviction, and the circuit court reversed, holding that respondent's motion to dismiss should have been granted. The circuit court distinguished *Huntley* and *Mabe,* the two cases relied upon by the municipal court in denying respondent's motion to dismiss. However, the circuit court did not address the finding of the municipal court that exigent circumstances excused compliance with the statute and simply held that the City violated the videotaping statute.

## ISSUE

Did the circuit court err in reversing respondent's conviction and dismissing the DUAC charge?

## ANALYSIS

In criminal appeals from municipal court, the circuit court does not conduct a de novo review. S.C.Code Ann. § 14–25–105 (Supp.2006); *State v. Landis*, 362 S.C. 97, 606 S.E.2d 503 (Ct.App.2004). In criminal cases, the appellate court reviews errors of law only. *State v. Cutter*, 261 S.C. 140, 199 S.E.2d 61 (1973). Therefore, our scope of review is limited to correcting the circuit court's order for errors of law.

The City first argues that the circuit court erred by determining the City violated S.C.Code Ann. § 56–5–2953. This issue is not preserved.

Section 56–5–2953 commands the arresting officer to videotape the individual during a DUI arrest. Subsection (A) of the statute outlines the requirements for videotaping at the incident site and at the breath test site. Subsection (B) of the statute provides exceptions that excuse compliance with the statute.[1] In this case, both parties agreed that the arresting officer failed to comply with the requirements of subsection (A), but the municipal court denied respondent's motion to dismiss due to an exception in subsection (B).

On appeal to the circuit court, the City reiterated its position that noncompliance was excused pursuant to § 56–5–2953(B). However, the circuit court's order did not address or even mention the exceptions in subsection (B). The circuit court simply concluded, "Here, the legislature has established a procedure that *must* be followed in the making of a DUI arrest. Here, the procedure was not followed." While the circuit court correctly applied subsection (A) of the statute, it omitted any mention of subsection (B) of § 56–5–2953.

---

1. Respondent argues the applicable statutory provision states, "Nothing in this section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances."

■ The City did not seek a post-judgment ruling from the circuit court on the potential applicability of § 56–5–2953(B). This precludes our review of the applicability of the subsection (B) exceptions, as we may only review the circuit court's order for errors of law. We cannot determine error regarding an issue not addressed by the circuit court. *See Williams v. Williams,* 329 S.C. 569, 579, 496 S.E.2d 23, 29 (Ct.App.1998), *rev'd on other grounds,* 335 S.C. 386, 517 S.E.2d 689 (1999) ("The circuit court has the authority to hear motions to alter or amend the judgment when it sits in an appellate capacity, and these motions are required in order to preserve issues for further review by the Court of Appeals or the Supreme Court in cases where the circuit court fails to address an issue raised by a party."); *United Dominion Realty Trust, Inc. v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 413 S.E.2d 866 (Ct.App.1992) (circuit court sitting on appeal did not address an issue and Wal–Mart made no motion pursuant to Rule 59(e), SCRCP, to have the court rule on the issue; thus the allegation was not preserved for further review by the Court of Appeals).

■ The City next contends that, per *Huntley,* a violation of the videotaping statute should not result in dismissal of a charge when there was no showing of prejudice to the defendant. We disagree.

Under § 56–5–2953, a violation of the statute, with no mention of prejudice, may result in dismissal of the charges. The statute provides, "Failure by the arresting officer to produce the videotapes required by this section **is not alone a ground for dismissal** of any charge made pursuant to Section 56–5–2930, 56–5–2933, or 56–5–2945 **if** [exceptions apply] . . ." (emphasis added). Conversely, failure to produce videotapes would be a ground for dismissal if no exceptions apply.

The circuit court found *Huntley* to be inapposite, and we agree. The statute at issue in *Huntley* was the implied consent statute which required a simulator test before administration of a breath test. That statute, S.C.Code Ann. § 56–5–2950 (2006), is silent as to the remedy for noncompliance, whereas the statute in this case provides for dismissal of charges when the statute is inexcusably violated.

## CONCLUSION

The City failed to seek a ruling in the circuit court in regards to the applicability of the exceptions for noncompliance found in § 56–5–2953(B). Accordingly, that issue is not properly before us. Finally, dismissal of the DUAC charge is an appropriate remedy provided by § 56–5–2953 where a violation of subsection (A) is not mitigated by subsection (B) exceptions.

**AFFIRMED.**

MOORE, ACJ, WALLER, J., and Acting Justice JAMES W. JOHNSON, JR., concur. BURNETT, J., dissenting in a separate opinion.

BURNETT, J., dissenting:

I respectfully dissent. In my opinion, the issue of whether the circuit erred by determining the City violated S.C.Code Ann. § 56–5–2953 is preserved.

In order to preserve an issue for appellate review, a party must file a motion to alter or amend the judgment when the party raises an issue to the lower court and the court fails to rule upon the issue. *E.g., Elam v. South Carolina Dep't of Transp.,* 361 S.C. 9, 602 S.E.2d 772 (2004); *I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000); *see also* Rules 52(b) and 59(e), SCRCP. However, a motion to alter or amend the judgment under Rule 59(e) was not necessary in this case. Appellant's failure to move to seek a ruling from the lower court on the applicability of S.C.Code Ann. § 56–5–2953(B) (2006) does not violate the long-established preservation requirements.

Both parties argued the applicability of subsections (A) and (B) extensively in their briefs and at the hearing before the lower court. The lower court's determination hinged on whether subsection (B) provided an excuse for the violation of subsection (A). The lower court determined no exception in subsection (B) applied. Although the lower court's order only addressed subsection (A), the fact that subsection (B) did not apply was implicit in the order and, therefore, preserved for review.

A preservation issue did not arise when the lower court implicitly ruled in the negative that no exception applied, as opposed to alternatively ruling in the positive that an exception applied. For preservation purposes, it was unnecessary for the lower court to rule upon an exception when no such exception applied. Hence, despite the fact the entire opinion addressed only subsection (A), Appellant was free to argue on appeal an exception in subsection (B) applied.

Section 56–5–2953(B), states, in pertinent part:

Failure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal of any charge made pursuant to Section 56–5–2930, 56–5–2933, or 56–5–2945 if the arresting officer submits a sworn affidavit certifying that the videotape equipment at the time of the arrest ... was in an inoperable condition, ... or in the alternative ... it was physically impossible to produce the videotape because the person needed emergency medical treatment, or **exigent circumstances existed.**

(emphasis added). In the instant case, the videotape began upon activation of the officer's blue lights and recorded two field sobriety tests and the *Miranda* warnings. The tape stopped before the officer administered a third field sobriety test and a "walk and turn" test, and before Respondent was arrested. The officer testified he assumed the videotape was running as usual and did not know the tape had expired prematurely. The municipal court correctly denied Respondent's motion to dismiss based on the "exigent circumstances" exception in subsection (B).

Because it was unnecessary for Appellant to make a motion pursuant to Rule 59(e), the issue of whether subsection (B) applied is preserved for review. Accordingly, I would reverse the lower court and reinstate the decision of the municipal court.