THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 City of
 Greenville, Appellant,
 v.
 Michele Mote
 McCollum, Respondent.
 
 
 

Appeal From Greenville County
 D. Garrison Hill, Circuit Court Judge
Unpublished Opinion No.  2010-UP-241
Heard March 2, 2010  Filed April 14, 2010
AFFIRMED

 
 
 
 Debra J. Gammons, of Greenville, for Appellant.
 Heath Preston Taylor, of West Columbia, and Janis Richardson Hall,
 of Greenville, for Respondent.
 
 
 

PER CURIAM:  The City of Greenville (City)
 charged Michele Mote McCollum with driving under the influence (DUI).  After
 the municipal court dismissed the charge, the circuit court affirmed the
 dismissal.  The City appeals, arguing the dismissal was improper because
 the City complied with all discovery and statutory requirements.  We affirm.  
FACTS
McCollum was charged with DUI, first offense, in January 2007.  She
 requested a jury trial and submitted a request for discovery to the City.  The
 City responded by furnishing McCollum certain information, but as to the  video
 of the Breath Alcohol Analysis Test, the City supplied a password that
 allegedly allowed McCollum to view the video by going to a State Law
 Enforcement Division (SLED) internet site.  On July 30, 2007, when the parties
 appeared before the municipal court for trial, McCollum informed the court of
 her inability to properly access the video from SLED's website.  The case was
 continued, with the municipal court suggesting the City provide McCollum with
 the video by another form of media.
The parties again appeared before the municipal court on October
 23, 2007.  At that time McCollum moved pursuant to section 56-5-2953 of the
 South Carolina Code (Supp. 2009) to dismiss the charge because she had not
 received a copy of the video from the City.  After entertaining extensive oral
 argument, the municipal court granted the motion to dismiss, stating the
 statute required the City either to produce the video or provide an affidavit
 indicating that there were "exigent circumstances related to failure or
 inability of the City to provide" the video.
The City appealed the municipal court's dismissal to the circuit
 court. The City's "grounds for appeal," as discussed in its Notice of
 Intent to Appeal, concluded the municipal court erred in holding that section
 56-5-2953 was violated.  The City also noted it did not violate Rule 5, SCRCrimP,
 because the "video is not within the possession, custody, nor control of
 the City." 
Before the circuit court, the parties discussed Rule 5, SCRCrimP,
 and section 56-5-2953 as the bases for upholding and reversing the municipal
 court.  The circuit court held that while the City "alternatively asserts
 that [the municipal court] erred in holding that [s]ection 56-5-2953 mandates
 that the arresting officer provide McCollum an actual physical copy of the
 Datamaster video, [b]ecause the Rule 5 violation provides an independent and
 adequate support for the dismissal decision, the court need not address the
 City's section 56-5-2953 argument."
In its brief to this court, the City argues in its first and
 second issues on appeal that the municipal court judge erred in dismissing
 McCollum's DUI charge under both Rule 5, SCRCrimP, (Issue I) and section
 56-5-2953 (Issues I and II).  The City's Issue III argues the circuit court
 erred in affirming the municipal court under Rule 5 without examining
 McCollum's "failure to act with due diligence in viewing SLED's
 website."  Finally, in Issue IV, the City states the circuit court erred
 in failing to address the municipal court's dismissal of McCollum's DUI charge
 under section 56-5-2953.
STANDARD OF
 REVIEW
In reviewing criminal appeals from a municipal court, an appellate
 court may only correct the circuit court's order for errors of law.  City of
 Rock Hill v. Suchenski, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007).  
LAW/ANALYSIS
I.  Dismissal
 pursuant to Rule 5, SCRCrimP
The City first argues the municipal court erred in dismissing the
 DUI charge against McCollum despite the City's compliance with the discovery
 requirements of Rule 5 and the videotaping requirements of section 56-5-2953.  In
 her response brief, McCollum argues the City has failed to preserve any issues
 for appellate review because the City's issues on appeal assign no error to the
 circuit court, but only address error by the municipal court judge.  We agree with
 McCollum as to Issue I.
An appellant's brief must contain a concise and direct statement
 of each issue presented to the appellate court for review.  Rule 208(b)(1)(B),
 SCACR.  "Ordinarily, no point will be considered which is not set forth in
 the statement of the issues on appeal."  Id.  A party is bound by
 the statement of his issues on appeal.  Town of Sullivan's Island v. Felger,
 318 S.C. 340, 350 n.3, 457 S.E.2d 626, 631 n.3 (Ct. App. 1995).  Issue I asserts
 only that "[t]he municipal court judge erred in dismissing [McCollum's]
 driving under the influence charge" because the City complied with the
 discovery requirements of Rule 5, SCRCrimP, and the videotaping requirements of
 section 56-5-2953 of the South Carolina Code (Supp. 2009).  Moreover, the
 City's arguments under Issue I do not mention error on the part of the circuit
 court.  Thus, the City's statement of Issue I is insufficient to preserve any
 error made by the circuit court.
II.  Compliance
 with and Dismissal under Section 56-5-2953
In Issue II, the City contends the municipal court erred in
 dismissing the DUI charge against McCollum when section 56-5-2953 provides that
 failure to produce a videotape is not alone grounds for dismissal based upon
 the totality of the circumstances.  In Issue IV, the City argues the circuit court erred in affirming the municipal
 court's dismissal of the DUI charge without also addressing the City's
 compliance with section 56-5-2953.  "In criminal
 cases, the appellate court sits only to review errors of law which have been
 properly preserved, i.e., the issue has been raised to and ruled on by the trial
 court."  State v. Wise, 359 S.C. 14, 21, 596 S.E.2d 475, 478
 (2004).  Here, the circuit court did not rule on whether the City
 complied with section 56-5-2953 or whether dismissal under that statute was
 proper.  The record does not reflect the City sought a ruling on the statute
 after the circuit court entered its order affirming based on Rule 5. 
 Accordingly, these issues are not preserved for our review.    
III.  Due Diligence
In
 Issue III, the City argues both the municipal and circuit courts erred in
 dismissing the DUI charge against McCollum by finding the City failed to comply
 with Rule 5, SCRCrimP, without examining McCollum's failure to act with due
 diligence in viewing SLED's website.  We disagree.  
We first note that there is no indication the municipal court
 based its decision on a violation of Rule 5.  Rather, the record reflects the municipal court based its
 decision solely upon the City's failure to comply with section 29-5-2953.  The
 record does not indicate the City sought a ruling from the municipal court
 concerning a violation of Rule 5 before filing its appeal to the circuit
 court.  As a result, whether the City complied with Rule 5 was not properly before
 the circuit court.  See Indigo Assoc. v. Ryan Inv. Co., 314 S.C.
 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) (holding a circuit court sitting
 in its appellate capacity cannot consider questions not raised or ruled upon by
 the lower court); see also State v. Landis, 362 S.C. 97, 101, 606
 S.E.2d 503, 505 (Ct. App. 2004) (stating that in reviewing criminal appeals
 from the municipal court, the circuit court may review only preserved error
 raised by appropriate exception).    
The circuit court's order does not expressly address the lack of
 due diligence by McCollum in viewing the SLED website as it relates to section
 56-5-2953.  As we read the circuit court's order, it holds that the videotape
 was discoverable under Rule 5 and that the actions of the City in directing
 McCollum to a website where the video could be viewed is insufficient
 compliance with the rule where the evidence showed McCollum was not able to
 view the videotape.  In fact, the court stated:

 It would be difficult for the government
 to rationally contend that it has fulfilled its obligation under Rule 5 to
 allow the defendant to "inspect and copy" photographs and recorded
 video statements by simply directing the party to a website on which the video
 is stored. There is no evidence that a defendant or her lawyer can
 independently copy the video from the website, or download it to some other
 media.

Because the City
 made no effort to extract a ruling from the circuit court based on McCollum's
 lack of diligence under the statute, we affirm as to Issue III.
IV.  Affirmance
 on Other Grounds Appearing in the Record
As
 noted above, the City failed to preserve for appellate review its issues
 relating to the application of section 56-5-2953.  However, we may affirm on any
 ground appearing in the record.  See Rule 220(c), SCACR ("The
 appellate court may affirm any ruling, order, decision or judgment upon any
 ground(s) appearing in the Record on Appeal."); see also Moorhead
 v. First Piedmont Bank and Trust Co., 273 S.C. 356, 360, 256 S.E.2d 414,
 416 (1979).  We affirm based upon section 56-5-2953.    
South
 Carolina law mandates that the police videotape the conduct of a person who
 drives a motor vehicle under the influence of alcohol at the site of her breath
 test using equipment provided by SLED.  S.C. Code Ann. § 56-5-2953(A) & (D)
 (Supp. 2009).  Furthermore:  

 The
 video recording at the breath test site must: 
 (a)
 include the entire breath test procedure, the person being informed that he is
 being video recorded, and that he has the right to refuse the test; 
 (b)
 include the person taking or refusing the breath test and the actions of the
 breath test operator while conducting the test; and 
 (c)
 also include the person's conduct during the required twenty-minute pre-test
 waiting period, unless the officer submits a sworn affidavit certifying that it
 was physically impossible to video record this waiting period. 

§ 56-5-2953(A)(2).  These
 recordings are admissible in criminal proceedings.  § 56-5-2953(A)(3). 
 The arresting officer's failure to produce such a video recording:

 [I]s
 not alone a ground for dismissal . . . if the arresting officer submits a sworn
 affidavit certifying that the video recording equipment at the time of the
 arrest or probable cause determination, or video equipment at the breath test
 facility was in an inoperable condition, stating which reasonable efforts have
 been made to maintain the equipment in an operable condition, and certifying
 that there was no other operable breath test facility available in the county
 or, in the alternative, submits a sworn affidavit certifying that it was
 physically impossible to produce the video recording because the person needed
 emergency medical treatment, or exigent circumstances existed. . . .  Nothing
 in this section prohibits the court from considering any other valid reason for
 the failure to produce the video recording based upon the totality of the circumstances;
 nor do the provisions of this section prohibit the person from offering
 evidence relating to the arresting law enforcement officer's failure to produce
 the video recording. 

S.C. Code Ann. § 56-5-2953(B)
 (Supp. 2009).
Our
 supreme court has previously entertained arguments against dismissal under this
 statute and ruled:  

 Under §
 56-5-2953, a violation of the statute, with no mention of prejudice, may result
 in dismissal of the charges. The statute provides, "Failure by the
 arresting officer to produce the videotapes required by this section is not
 alone a ground for dismissal of any charge made pursuant to Section
 56-5-2930, 56-5-2933, or 56-5-2945 if [exceptions apply] . . ."
 (emphasis added). Conversely, failure to produce videotapes would be a ground
 for dismissal if no exceptions apply. 

City of Rock Hill v.
 Suchenski, 374 S.C. 12, 16, 646
 S.E.2d 879, 881 (2007).  
In our opinion,
 section 56-5-2953 and Suchenski apply to the instant case.  If the
 prosecuting authority neither produces the video recording nor files an
 affidavit explaining why it should be excepted from doing so, dismissal of the
 charge is proper.  We recognize that Suchenski does not stand for the
 proposition that a physical videotape must be furnished to each person charged
 with DUI.  However, this narrow focus disregards the holding in Suchenski. 
 In that case, the videotape ran out during Suchenski's arrest, leaving no
 recording of the last of three field sobriety tests.  Id. at 14, 646
 S.E.2d at 879.  As a result, the City of Rock Hill was incapable of providing a
 complete video recording of Suchenski's arrest.  Id.  In its holding,
 the Suchenski court interpreted the statute as permitting dismissal when
 the prosecuting authority produced neither a videotape nor an affidavit.  Id. at 16, 646 S.E.2d at 881.  Here, the police officer uploaded the entire video
 recording to SLED's website, and McCollum was provided with login information
 to access the site.  However, after multiple attempts on different equipment,
 McCollum could not view the entire video.  Despite her complaints that she was
 unable to view the entire video and the municipal court's recommendation that
 she be provided with a copy in another medium, the City refused to provide
 McCollum a viewable copy of the video recording.  The municipal court did not
 require the City to produce this recorded evidence on a physical videotape, but
 rather, to take action to ensure McCollum could view the recording.  The City
 could have made arrangements for McCollum to view the recording on its own
 equipment or provided her a copy on CD or flash drive.  Because the City failed
 to take any such action, it failed to meet its obligation to produce the
 recording under Suchenski.  Accordingly, we affirm the circuit court's
 decision.  
CONCLUSION
We find the City's framing of Issue I failed to preserve for
 appellate review any error by the circuit court on that issue.  In addition, we
 find the City failed to preserve Issues II, III, and IV for appellate review by
 seeking a post-judgment ruling thereon.  For these reasons and for other
 reasons appearing in the record, the order of the circuit court is 
AFFIRMED.  
HUFF and GEATHERS, JJ., and CURETON, A.J. concur.