THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 v.
 Albert Barton Woodard, Respondent.
 
 
 

Appeal From Union County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-113   
 Submitted December 1, 2010  Filed March
22, 2011

REVERSED

 
 
 
 Attorney General Allen Wilson, Chief Deputy Attorney General John
 W. McIntosh, and Assistant Deputy Attorney General William M. Blitch, Jr., all
 of Columbia; and Solicitor Kevin S. Brackett, of York, for Appellant.
 Thomas Henry White, IV, of Union, for Respondent.
 
 
 

PER CURIAM: The
 State appeals the circuit court's reversal of Albert Barton Woodard's driving
 under the influence (DUI) conviction, arguing the State produced a videotape
 that complied with section 56-5-2953(A)  of the South Carolina Code (2006). 
 The State contends the videotape made at the incident site sufficiently documented
 all statutorily-required events even though the first eight minutes of the
 videotape contain only an audio recording of the events.  We reverse.[1]
In
 criminal appeals from municipal court, the circuit court does not conduct a de
 novo review.  S.C. Code Ann. § 14-25-105 (Supp. 2009); City of Rock Hill v.
 Suchenski, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007).  In criminal
 cases, the appellate court reviews errors of law only.  Suchenski, 374
 S.C. at 15, 646 S.E.2d at 880.  Therefore, our scope of review is limited to
 correcting the circuit court's order for errors of law.  Id.  Section 56-5-2953(A) requires a person who
 commits a DUI to have his conduct at the incident site videotaped.  The
 videotape must "include the person being advised of his Miranda[2] rights before any field sobriety
 tests are administered."  § 56-5-2953(A)(1)(b).  
Here, the videotape recorded only the audio of the first eight
 minutes of the video because the camera was focused on the inside of the car. 
 Included in the first eight minutes of the video are Woodard's voice and the
 arresting officer's voice administering the Miranda warnings.  Thereafter,
 the arresting officer realized the error in the focus of the camera, corrected
 the camera to focus outside the car, and captured Woodard's conduct, including three
 field sobriety tests, on video.  Accordingly, we hold the videotape met the
 statutory requirements of section 56-5-2953(A).  
REVERSED.
FEW, C.J., and SHORT and WILLIAMS, JJ., concur.  

[1]  We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2]  Miranda v. Arizona, 384
 U.S. 436 (1966).