THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 v.
 Ryan Hercheck, Respondent.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No.  2011-UP-161
Submitted February 1, 2011 -  Filed April 13, 2011

AFFIRMED

 
 
 
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General William M. Blitch, Jr., and Solicitor Daniel E. Johnson, all of Columbia, for Appellant.
 Joseph M. McCulloch, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State appeals the circuit court's order affirming the dismissal of Ryan Hercheck's driving under the influence (DUI) charge,
arguing the circuit court erred in finding section 56-5-2953 of the South Carolina Code (2006)[1] requires law
enforcement to videotape an individual for the entire twenty-minute pre-test waiting period after the individual indicates he or she will not submit to the
breath test.  In the alternative, the State asserts the circuit court erred in failing to find, under the totality of the circumstances, valid reason
existed for failing to produce a statutorily compliant videotape.  We affirm.[2] 
1.  With regard to the circuit court's interpretation of section 56-5-2953, the plain language[3] of
subsection 56-5-2953(A)(2)(d) mandates a twenty minute video-recording of the arrested individual's conduct during the breath test waiting period and no
exception exists permitting premature termination of the videotaping in the event the arrested individual indicates he or she will not submit to the breath
test.  See S.C. Code Ann. § 56-5-2953(A)(2)(d) (2006) (stating the videotaping at the breath site "must also include the person's conduct
during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to
videotape this waiting period. However, if the arresting officer administers the breath test, the person's conduct during the twenty-minute pre-test waiting
period must be videotaped.").
2.  With regard to whether the circuit court erred in failing to find the videotape complied with section 56-5-2953(A) under the totality of the
circumstances provision of subsection (B), we find the circuit court's refusal to reverse the magistrate court's determination that the exceptions of subsection
(B) were inapplicable in this case was not an error of law.  See S.C. Code Ann. § 56-5-2953(B) (2006) (stating noncompliance with subsection (A)(1)
does not automatically require the dismissal of a DUI if the officer submits a sworn affidavit certifying: (1) the video recording equipment was
inoperable and reasonable efforts were made to maintain the equipment; or (2) "it was physically impossible to produce the video recording
because the person needed emergency medical treatment"; or (3) "exigent circumstances existed," and providing "[n]othing in this
section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances; nor
do the provisions of this section prohibit the person from offering evidence relating to the arresting law enforcement officer's failure to produce the
videotape."); S.C. Code Ann. § 14-25-105 (Supp. 2010) (stating in criminal appeals from the magistrate court, the circuit court does not conduct a de novo
review); City of Rock Hill v. Suchenski, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) (stating in criminal cases, the appellate court reviews errors
of law only; therefore, this court's scope of review is limited to correcting the circuit court's errors of law).
AFFIRMED.
FEW, C.J., THOMAS and KONDUROS, JJ., concur. 

[1] This section was amended by 2008 Act Number 201, section 11, with an effective date of February 10,
2009.  S.C. Code Ann. § 56-5-2953 (Supp. 2010).  Because Hercheck's arrest, the magistrate court's dismissal, and arguments to the circuit court
predate the amendment, we apply the pre-amendment statutory language in this case. 
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] See State v. Landis, 362 S.C. 97, 102, 606 S.E.2d 503, 506 (Ct. App. 2004) ("When a
statute's language is plain and unambiguous, and conveys clear and definite meaning, there is no occasion for employing rules of statutory interpretation and a
court has no right to look for or impose another meaning.").