THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Phillip Wesley Sawyer, Respondent.
 
 
 
 
 

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2011-UP-263 
Heard March 10, 2011  Filed June 7, 2011  

AFFIRMED

 
 
 
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia; Solicitor
 Barry Joe Barnette, of Spartanburg, Appellant.
 Assistant Appellate Defender LaNelle
 Durant, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State contends the circuit court
 erred in suppressing the videotape, evidence, and breath test results produced
 at the breath test site following Phillip Sawyer's (Sawyer) arrest for driving
 under the influence.  Despite the State's failure to record the audio portion
 of Sawyer's breath test pursuant to section 56-5-2953 of the South Carolina
 Code (2006),[1] the State claims any deficiencies in the recording went to the weight of the
 evidence and not its admissibility.  
We affirm pursuant
 to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. §
 56-5-2953(A) (2006) ("A person who [commits a DUI] must have his conduct
 at the incident site and the breath test site videotaped. . . . The videotaping
 at the breath site[] . . . must include the reading of Miranda rights, the
 entire breath test procedure, the person being informed that he is being
 videotaped, and that he has the right to refuse the test[] . . .); S.C. Code
 Ann. § 56-5-2953(B) (2006) (stating noncompliance with subsection (A)(1) does
 not automatically require the dismissal of a DUI if the officer submits
 a sworn affidavit certifying: (1) the videotape equipment was inoperable and reasonable efforts were made to maintain the equipment; or (2) "it
 was physically impossible to produce the videotape because the person needed
 emergency medical treatment"; or (3) "exigent circumstances
 existed," and providing "[n]othing in this section prohibits the
 court from considering any other valid reason for the failure to produce the
 videotape based upon the totality of the circumstances; nor do the provisions
 of this section prohibit the person from offering evidence relating to the
 arresting law enforcement officer's failure to produce the videotape"); City
 of Rock Hill v. Suchenski, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007)
 (stating in criminal cases, the appellate court reviews errors of law only;
 therefore, this court's scope of review is limited to correcting the circuit
 court's errors of law).
AFFIRMED.
WILLIAMS, GEATHERS,
 and LOCKEMY, JJ., concur. 

[1] Because Sawyer was charged in 2007, prior to the 2009
 amendment of this section, we apply the language of the pre-amended statute.