**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

City of North Charleston, Respondent,

v.

Johnathan M. Daniels, Appellant.

Appellate Case No. 2012-212457

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-221
Submitted April 1, 2013 – Filed May 22, 2013

**AFFIRMED**

Johnathan M. Daniels, of North Charleston, pro se.

Richard W. Lingenfelter, Jr. and Joseph Matthew Kaiser, both of City of North Charleston Legal Department, of North Charleston, for Respondent.

**PER CURIAM:** Johnathan M. Daniels appeals the circuit court's order affirming his municipal court conviction of riding a bicycle at night without a light, in violation of section 56-5-3470 of the South Carolina Code (Supp. 2012). On appeal, Daniels argues (1) the circuit court erred in finding his trial in the municipal court complied with the constitutional requirements of due process and

equal protection and (2) the circuit court erred in not requiring the municipal court to make a proper return, including a copy of the record and transcript, before affirming his conviction.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding Daniels's municipal court trial complied with the constitutional requirements of due process and equal protection: *City of Cayce v. Norfolk S. Ry. Co.*, 391 S.C. 395, 399, 706 S.E.2d 6, 8 (2011) ("In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception."); *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) ("[O]ur scope of review is limited to correcting the circuit court's order for errors of law."); *id*. at 16, 646 S.E.2d at 880 (indicating the circuit court has the authority to hear motions to alter or amend its judgment when hearing a criminal appeal from the municipal court and stating such motions are required to preserve issues for further review by the court of appeals or the supreme court when the circuit court fails to address an issue raised by a party).

2.  As to Daniels's argument concerning the circuit court's failure to require the municipal court to make a proper return: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon . . . ."); *id*. at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon . . . will not be considered on appeal."); *id*. at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.