**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The City of Columbia, Respondent,

v.

William K. Wilson, Appellant.

Appellate Case No. 2013-001072

———————————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-159
Submitted February 1, 2014 – Filed April 2, 2014

———————————

**AFFIRMED**

———————————

William K. Wilson, of Columbia, pro se.

David Amado Fernandez, of the Office of the City Attorney, of Columbia, for Respondent.

———————————

**PER CURIAM:** William K. Wilson appeals his conviction for driving too fast for conditions, arguing (1) the trial court applied the incorrect statute, (2) the trial court did not allow him to adequately present his case, and (3) the trial court provided no answer about why the officer in charge at the time the citation was written was not

in court to testify.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in affirming the trial court's decision finding Wilson guilty of driving too fast for conditions:  *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 341, 713 S.E.2d 278, 282 (2011) ("In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception." (internal quotation marks omitted)); *id*. ("Therefore, [this court's] scope of review is limited to correcting the circuit court's order for errors of law." (internal quotation marks omitted)); S.C. Code Ann. § 56-5-1520(A) (2006) ("A person shall not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions . . . .  Speed must be so controlled to avoid colliding with a person, vehicle, or other conveyance on or entering the highway . . . .").

2.  As to whether the circuit court erred in affirming the trial court's decision when the trial court did not allow Wilson to fully present his case:  *State v. Carmack*, 388 S.C. 190, 200, 694 S.E.2d 224, 229 (Ct. App. 2010) ("[I]n order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].");  *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15-16, 646 S.E.2d 879, 880 (2007) (finding an issue unpreserved when the circuit court, sitting in its appellate capacity, did not rule on an issue and no Rule 59(e), SCRCP, motion was filed asking the circuit court to rule on the issue).

3.  As to whether the circuit court erred in affirming the trial court's decision when the trial court did not answer Wilson's question regarding the presence at trial of the superior officer:  *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 497 (Ct. App. 2006) (finding an issue listed in statement of issues on appeal but not addressed in the brief is abandoned).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.