**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of Beaufort, Respondent,

v.

Joseph C. Sun, Appellant.

Appellate Case No. 2013-001101

———————————

Appeal From Beaufort County
Marvin H. Dukes, III, Special Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-392
Submitted September 1, 2014 – Filed November 12, 2014

———————————

**AFFIRMED**

———————————

Joseph Sun, of Bluffton, pro se.

William B. Harvey, III, of Harvey & Battey, PA, of
Beaufort, for Respondent.

———————————

**PER CURIAM:** Joseph Sun appeals the circuit court's order affirming the
municipal court's denial of Sun's motion for a new trial following his convictions
for speeding and failing to produce vehicle registration. On appeal, Sun argues the
circuit court erred in (1) finding the City of Beaufort (City) did not violate Rule 5
of the South Carolina Rules of Criminal Procedure when it failed to disclose Sun's

driving record prior to trial and (2) not finding the City's failure to disclose the driving record violated Sun's right to due process. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in finding the City did not violate Rule 5 of the South Carolina Rules of Criminal Procedure by failing to disclose Sun's driving record prior to trial: *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) ("In criminal appeals from municipal court, the circuit court does not conduct a de novo review."); *id.* ("In criminal cases, the appellate court reviews errors of law only."); *id.* ("Therefore, our scope of review is limited to correcting the circuit court's order for errors of law."); *State v. Branham*, 392 S.C. 225, 230, 708 S.E.2d 806, 809 (Ct. App. 2011) ("Pursuant to Rule 5 of the South Carolina Rules of Criminal Procedure, the prosecution must disclose certain types of information *upon request of the defendant*." (emphasis added)); Rule 5(a)(1)(B), SCRCrimP ("Upon request of the defendant, the prosecution shall furnish to the defendant such copy of his prior criminal record . . . ."); Rule 5(a)(1)(C), SCRCrimP ("Upon request of the defendant[,] the prosecution shall permit the defendant to inspect and copy books, papers, [and] documents . . . intended for use by the prosecution as evidence in chief at the trial, or were obtained from or belong to the defendant.").

2. As to whether the circuit court erred in not finding the failure to disclose the driving record violated Sun's right to due process: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."); *In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) ("A constitutional claim must be raised and ruled upon to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.