**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Appellant,

v.

Sean Robert Kelly, Respondent.

Appellate Case No. 2016-000875

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2017-UP-391
Submitted September 1, 2017 – Filed October 18, 2017

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Appellant.

Heath Preston Taylor, of Taylor Law Firm, LLC, of West Columbia, for Respondent.

**PER CURIAM:** The State appeals an order of the circuit court affirming the magistrate's dismissal of Sean Robert Kelly's charge for driving under the influence (DUI), first offense. On appeal, the State argues the circuit court erred

by finding the State failed to comply with the mandatory video recording requirements of section 56-5-2953 of the South Carolina Code (Supp. 2016). We reverse and remand.[1]

We hold the circuit court erred by requiring the officer who stopped Kelly but did not arrest him to produce the video recording of the incident site. *See City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) ("[O]ur scope of review is limited to correcting the circuit court's order for errors of law."). Instead, we find the arresting officer was required to produce the video recording. *See State v. Landis*, 362 S.C. 97, 103-04, 606 S.E.2d 503, 506-07 (Ct. App. 2004) (holding the "arresting officer" is "responsible for meeting the statutory videotaping requirements of section 56-5-2953(A)"). We also find the arresting officer produced a video recording that fully complied with the statute because the recording began upon the activation of his blue lights and recorded the field sobriety tests, Kelly's arrest, and the *Miranda* warnings. *See* S.C. Code Ann. § 56-5-2953(A)(1)(a) (Supp. 2016). Accordingly, we reverse the circuit court and remand the case to the magistrate for a new trial.

**REVERSED AND REMANDED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.