**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The City of Columbia, Appellant,

v.

Shasha Rawlinson, Respondent.

Appellate Case No. 2018-001291

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-193
Submitted May 1, 2020 – Filed June 24, 2020

———————

**AFFIRMED**

———————

Jessica Mangum, of the Office of the Columbia City Attorney, of Columbia, for Appellant.

Jerry Leo Finney, of The Finney Law Firm, Inc., of Columbia, for Respondent.

———————

**PER CURIAM:** The City of Columbia (the City) appeals the circuit court's order vacating Shasha Rawlinson's convictions from the municipal court and dismissing the case with prejudice. On appeal, the City argues the circuit court erred in conducting a de novo review when the court should have remanded for a new trial.

We affirm.[1]  First, the circuit court's order provides its standard of review was abuse of discretion.  Second, the circuit court's order stated the facts were not in dispute as to the City's discovery violations, and the City did not file a Rule 59(e), SCRCP, motion to correct any alleged misunderstanding of the facts or standard of review.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) ("In criminal appeals from municipal court, the circuit court does not conduct a de novo review."); S.C. Code Ann. § 14-25-105 (2017) (stating the circuit court does not conduct a de novo review); *Suchenski*, 374 S.C. at 15, 646 S.E.2d at 880 ("In criminal cases, the appellate court reviews errors of law only."); *id.* ("Therefore, our scope of review is limited to correcting the circuit court's order for errors of law."); *State v. Kennerly*, 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) ("Once a *Brady* violation is established, reversal is required."), *aff'd*, 337 S.C. 617, 524 S.E.2d 837 (1999); *id.* at 453-54, 503 S.E.2d at 220 ("Once a Rule 5[, SCRCrimP,] violation is shown, reversal is required only where the defendant suffered prejudice from the violation."); *Suchenski*, 374 S.C. at 16, 646 S.E.2d at 880 (stating when a Rule 59(e), SCRCP, motion must be filed to preserve an issue for appellate review when the circuit court reviews a case from the municipal court and further explaining an appellate court "cannot determine error regarding an issue not addressed by the circuit court"); *Williams v. Williams*, 329 S.C. 569, 579, 496 S.E.2d 23, 29 (Ct. App. 1998) ("The circuit court has the authority to hear motions to alter or amend the judgment when it sits in an appellate capacity, and these motions are required in order to preserve issues for further review by the [c]ourt of [a]ppeals or the [s]upreme [c]ourt in cases where the circuit court fails to address an issue raised by a party."), *rev'd on other grounds*, 335 S.C. 386, 517 S.E.2d 689 (1999).

**AFFIRMED.**

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.