# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Town of Sullivan's Island, Respondent,

v.

Michael Murray, Appellant.

Appellate Case No. 2018-000511

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Opinion No. 5856
Heard September 23, 2020 – Filed September 1, 2021

———————

**REVERSED**

———————

Mary Duncan Shahid, of Nexsen Pruet, LLC, and
Stephen Peterson Groves, Sr., of Butler Snow, LLP, both
of Charleston, for Appellant.

John Joseph Dodds, III, of The Law Firm of Cisa &
Dodds, LLP, of Mount Pleasant; and John Phillips
Linton, Jr. and George Trenholm Walker, both of Walker
Gressette Freeman & Linton, LLC, of Charleston, all for
Respondent.

———————

**LOCKEMY, C.J.:** Michael Murray appeals the circuit court's order affirming his municipal court conviction for violating the Town of Sullivan's Island's (TOSI's) ordinances related to the construction of a dock. He argues the circuit court erred by (1) applying TOSI's municipal code, (2) holding TOSI's interpretation of its enforcement authority did not violate the rule of fair notice, (3) failing to find

TOSI's ordinance criminalized conduct otherwise legal in South Carolina, and (4) failing to hold TOSI's actions were arbitrary and capricious. We reverse.

## FACTS/PROCEDURAL HISTORY

Murray owns American Dock and Marine Construction (ADMC) and is a licensed marine contractor. ADMC specializes in dock, boatlift, and other construction in wetlands areas. Jason Tomkins hired ADMC to construct a dock (the Dock) at 1102 Osceola Avenue. In 2014, Murray obtained an accessory structures permit from TOSI for the construction of the Dock. As part of that permit, TOSI also issued ADMC a Certificate of Zoning Compliance, which stated, "Move pierhead, floating[, and] boatlift landward to not exceed adjacent docks." Additionally, the permit required Murray to submit an "as-built" survey[1] to TOSI when he completed the Dock.

ADMC completed the Dock in 2014. Murray's as-built survey showed the Dock extended nine feet past the adjacent docks. Subsequently, TOSI arrested Murray and Tomkins and charged them with violation of TOSI's ordinance sections 21-75[2] and 5-10.[3] Murray moved to dismiss the charge, arguing that TOSI's interpretation was arbitrary and that the dock did not interfere with navigation because the boundaries of the body of water are not fixed and move with the flow of the body of water. The municipal court denied Murray's motion.

The case proceeded to a bench trial before the municipal court. Joseph Henderson, TOSI's zoning administrator, testified Murray's construction plan showed the Dock extended beyond adjacent docks. He explained he approved the permit but added a specific condition under the work description section that the Dock not extend beyond adjacent docks. Henderson spoke with Murray about this requirement. He testified TOSI's interpretation of section 21-75 was that docks could not extend farther than adjacent docks because they would interfere with navigation. He testified that by constructing the Dock beyond adjacent docks, Murray violated the terms and conditions of the permit that was issued.

---

[1] An "as-built" survey is a survey performed after construction is completed indicating the metes and bounds of the final location of the structure.
[2] Town of Sullivan's Island, S.C., Code § 21-75 (2007) ("No dock shall be permitted to be constructed which extends into the channel or extends so far as to interfere with navigation.").
[3] Town of Sullivan's Island, S.C., Code § 5-10 (2005) (requiring builders to submit permit applications in writing to the TOSI Building inspector).

Randy Robinson, TOSI's chief building inspector, testified he established TOSI's requirement that docks cannot exceed adjacent docks. He testified TOSI requires new docks not exceed adjacent docks in order to facilitate navigation because the docks act as a guide going down the water.

Murray testified the Dock was built at mean low water; thus, there was no navigability where the Dock was located because it was on mud plats. Murray stated navigation was in the centerline of the body of water, and there was no reason to navigate near a dock. Murray stated his crew lined up the docks the best they could. He admitted he reviewed the permit's language that the Dock could not "exceed adjacent docks" and signed the permit. He also acknowledged the Dock extended beyond the adjacent docks by 9.2 feet. Murray admitted the specific notation "must not exceed adjacent docks" was a part of the building permit.

TOSI argued that Murray was required to have a permit to construct the Dock, it gave specific approval with conditions, and Murray did not meet those conditions. Murray argued TOSI's decision not to allow the construction of a dock beyond adjacent docks was TOSI's interpretation, and the ordinances did not state a dock could not exceed adjacent docks. He further asserted TOSI presented no evidence the Dock interfered with navigation. Murray claimed the only condition on the permit was that he submit an as-built survey. The municipal court found Murray guilty of the offense and ordered him to pay a fine of $1,040.

Murray appealed to the circuit court, arguing TOSI presented no evidence the Dock interfered with navigation and that no legal requirement prohibited a dock from exceeding adjacent docks. Murray further asserted no evidence supported his conviction because he complied with all requirements for approval to construct the Dock. He also argued the condition contained in the permit was ambiguous. Murray claimed he did not have fair notice that building the Dock nine feet forward of adjacent docks was a criminal violation and TOSI's prosecution of such an unwritten standard was arbitrary.

The circuit court affirmed Murray's municipal court conviction, stating, "Based on the record, Murray acknowledged notice of the zoning laws and permit requirements and was found in violation. Murray has failed to demonstrate an error of law." Although the circuit court found TOSI's ordinances contained no express requirement prohibiting a dock from extending farther than adjacent docks, it concluded Murray was required to obtain a building permit for the Dock, the

permit prohibited the Dock from extending past adjacent docks, and it was undisputed the Dock extended past adjacent docks.  This appeal followed.

## ISSUES ON APPEAL

1.  Did the circuit court err by affirming Murray's municipal court conviction based on TOSI's ordinances?

2.  Did the circuit court err by affirming the municipal court because TOSI's ordinances violated the rule of fair warning of potential illegality?

3.  Did the circuit court err by failing to find TOSI's interpretation of its authority resulted in criminalizing conduct that was otherwise legal under South Carolina law?

4.  Did the circuit court err by failing to hold TOSI's actions were an arbitrary and capricious violation of Murray's due process rights?

## STANDARD OF REVIEW

"In criminal appeals from municipal court, the circuit court does not conduct a de novo review." *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007).  "In criminal cases, the appellate court reviews errors of law only." *State v. Vinson*, 400 S.C. 347, 351, 734 S.E.2d 182, 184 (Ct. App. 2012).  "Therefore, our scope of review is limited to correcting the circuit court's order for errors of law."  *Suchenski*, 374 S.C. at 15, 646 S.E.2d at 880.

## LAW/ANALYSIS

Murray argues the circuit court erred in affirming his conviction.  He asserts sections 21-75 and 5-10 do not prohibit a dock from extending farther into the channel than adjacent docks.  He asserts TOSI's interpretation that a dock cannot extend past adjacent docks was an unpromulgated and noncodified requirement that did not provide fair warning of criminal liability.  We agree.

Section 21-75(B)(1) states, "No dock shall be permitted to be constructed which extends into the channel or extends so far as to interfere with navigation . . . ."  "It shall be unlawful to erect, construct, improve, alter or repair any building, sign, or other structure . . . or alter any parcel of land in preparation of such erection, construction, improvement or repair without first having obtained from the

Building Inspector a written permit for such erection . . . ." Town of Sullivan's Island, S.C., Code § 5-9 (2007). Section 5-10 requires permit applications be made in writing to the TOSI building inspector.

"Any person violating . . . this Zoning Ordinance shall be guilty of a misdemeanor and, upon conviction, shall be fined and/or imprisoned, . . . in an amount of no more than $500.00 or imprisonment for 30 days or both." Town of Sullivan's Island, S.C., Code § 21-192 (2005).

> Violation of the provisions of this ordinance or failure to comply with grants of variance or special exceptions, shall constitute a misdemeanor. Any person who violates this ordinance or fails to comply with any of its requirements shall, upon conviction thereof, be fined not more than $500.00 or imprisoned for not more than 30 days, or both . . . . Each day such violation continues shall be considered a separate offense.

Town of Sullivan's Island, S.C., Code § 5-75 (1997).

"[P]enal statutes are to be strictly construed. This rule of lenity applies when a criminal statute is ambiguous, and requires any doubt about a statute's scope be resolved in the defendant's favor." *State v. Miles*, 421 S.C. 154, 164, 805 S.E.2d 204, 210 (Ct. App. 2017). "One of the foundations of the rule of lenity is the concept of fair notice—the idea that those trying to walk the straight and narrow are entitled to know where the line is drawn between innocent conduct and illegality." *Id.* "Criminal ordinances are, of course, to be strictly construed and a defendant has a right to know just wherein he is charged with the commission of a crime . . . ." *Town of Conway v. Lee*, 209 S.C. 11, 18, 38 S.E.2d 914, 917 (1946).

"The void-for-vagueness doctrine rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication." *State v. Neuman*, 384 S.C. 395, 402, 683 S.E.2d 268, 271 (2009) (quoting *State v. Houey*, 375 S.C. 106, 113, 651 S.E.2d 314, 318 (2007)). "A law is unconstitutionally vague if it forbids or requires the doing of an act in terms so vague that a person of common intelligence must necessarily guess as to its meaning and differ as to its application." *Curtis v. State*, 345 S.C. 557, 572, 549 S.E.2d 591, 598 (2001).

"[T]he terms of a penal statute . . . must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . . ." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). "[A]ll the Constitution requires is that the language convey sufficiently definite warnings as to the proscribed conduct when measured by common understanding and practices." *S.C. Dep't of Soc. Servs. v. Michelle G.*, 407 S.C. 499, 506, 757 S.E.2d 388, 392 (2014) (alteration in original) (quoting *Curtis*, 345 S.C. at 572, 549 S.E.2d at 599)).

We hold the circuit court erred in affirming Murray's municipal court conviction because TOSI's ordinances were vague as applied here, such that they did not provide Murray with sufficient fair notice that violation could result in criminal liability. Further, TOSI failed to present evidence the docks actually interfered with navigation or in any way extended into the channel. Here, Robinson's testimony was the only evidence that Murray's dock interfered with navigation, and his conclusory statements were premised on only the permit notation and not the legal provisions of any ordinance. TOSI presented no evidence of how the dock actually interfered with boats navigating the channel.

Moreover, the ordinance failed to provide fair notice this conduct was a criminal violation. The United States Supreme Court in *Connally* held a criminal statute that required employers to pay a minimum wage equivalent to the "current rate of per diem," as determined by the Oklahoma Commissioner of Labor, was unenforceable because it did not state a specific sum sufficient to give fair notice. *Connally*, 269 U.S. at 393-94. The Court held the statute failed to provide an ascertainable standard of guilt because it did not forbid a specific or definite act. *Id.* Here, TOSI's ordinance did not expressly proscribe the prohibited conduct—constructing a dock farther into the waterway than adjacent docks—for which Murray was found guilty. Moreover, like in *Connally*, the prohibited act was not determined by the language of the law itself, but instead by a decision of a government employee.

Without an express prohibition in the ordinance itself, the ordinance lacked proper standards for adjudication. *See Neuman*, 384 S.C. at 402, 683 S.E.2d at 271 (providing "procedural due process requires fair notice and proper standards for adjudication" (quoting *Houey*, 375 S.C. at 113, 651 S.E.2d at 318)). Testimony at trial showed there were different interpretations regarding what constituted a dock that interfered with navigation. *See Connally*, 269 U.S. at 393 ("The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions."). The

ordinance that TOSI claims prohibits the construction of a dock from extending past other docks only states a dock cannot interfere with navigation. This broad statement renders the ordinance vague as TOSI sought to apply it here because interference is not defined and was based solely on the interpretation of the building inspector. *See Connally*, 269 U.S. at 391 ("[T]he terms of a penal statute . . . must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . . ."). Because the building inspector decided what constituted prohibited conduct without any guidance from the codified language, the citizenry was not informed what acts were criminal. *See McBoyle v. United States*, 283 U.S. 25, 27 (1931) ("To make the warning fair, so far as possible the line should be clear."). Thus, the ordinance was too vague to support criminal prosecution. *See Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964) ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939))).

We reverse the circuit court's order affirming Murray's conviction because TOSI's ordinances failed to provide Murray with fair notice that building a dock beyond adjacent docks was a criminal violation. Because this issue is dispositive, we need not address Murray's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) ("In light of our disposition of the case, it is not necessary to address [the] remaining issues.").

**CONCLUSION**

For the foregoing reasons, the circuit court's order affirming Murray's conviction is

**REVERSED.**

**KONDUROS and MCDONALD, JJ., concur.**