**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Ford, III, Appellant,

v.

Town of Hardeeville, Respondent.

Appellate Case No. 2019-001107

───────────────

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

───────────────

Unpublished Opinion No. 2022-UP-102
Submitted February 1, 2022 – Filed March 9, 2022

───────────────

**AFFIRMED**

───────────────

Dayne C. Phillips, of Price Benowitz LLP, of Columbia,
for Appellant.

Justin D. Maines, of The Nye Law Group, P.C., and
Prina Chandrakant Maines, both of Savannah, GA, for
Respondent.

───────────────

**PER CURIAM:**  Thomas Ford, III, appeals his conviction for driving under the influence (DUI).  On appeal, Ford argues the circuit court erred in affirming the municipal court's denial of his motions to dismiss the DUI charge and suppress the video recordings from the incident site and breath test site.  We affirm.

1.  We hold the circuit court did not err in affirming the municipal court's denial of Ford's motions to dismiss the DUI charge and suppress the video recording based on the allegedly deficient video recording from the incident site.  *See City of Cayce v. Norfolk S. Ry. Co.*, 391 S.C. 395, 399, 706 S.E.2d 6, 8 (2011) ("In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception."); *City of Rock Hill v. Suchenski*, 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007) (stating an appellate court's "scope of review is limited to correcting the circuit court's order for errors of law"); S.C. Code Ann. § 56-5-2953(A) (2018) (stating a "person who violates [s]ection 56-5-2930[ or] 56-5-2933 must have his conduct at the incident site and the breath test site video recorded"); § 56-5-2953(A)(1)(a) (providing the incident site video recording must "(i) not begin later than the activation of the officer's blue lights; (ii) include any field sobriety tests administered; and (iii) include the arrest of the person for a violation of [s]ection 56-5-2930 or 56-5-2933 . . . and show the person being advised of his Miranda[1] rights"); S.C. Code Ann. § 56-5-2953(B) (2018) (stating "[n]othing in this section prohibits the court from considering any other valid reason for the failure to produce the video recording based upon the totality of the circumstances"); *State v. Henkel*, 413 S.C. 9, 14, 774 S.E.2d 458, 461 (2015) ("Subsection (A) was intended to capture the interactions and field sobriety testing between the subject and the officer in a typical DUI traffic stop where there are no other witnesses.").

2.  We hold the circuit court did not err in affirming the municipal court's denial of Ford's motions to dismiss the DUI charge and suppress the video recording based on the allegedly deficient video recording from the breath test site.  *See City of Cayce*, 391 S.C. at 399, 706 S.E.2d at 8 ("In criminal appeals from a municipal court, the circuit court does not conduct a de novo review; rather, it reviews the case for preserved errors raised to it by an appropriate exception."); *City of Rock Hill*, 374 S.C. at 15, 646 S.E.2d at 880 (stating an appellate court's "scope of review is limited to correcting the circuit court's order for errors of law"); § 56-5-2953(A) (stating a "person who violates [s]ection 56-5-2930[ or] 56-5-2933 must have his conduct at the incident site and the breath test site video recorded"); § 56-5-2953(A)(2) (stating the recording from the breath test site must "(a) include the entire breath test procedure, the person being informed that he is being video recorded, and that he has the right to refuse the test; (b) include the person taking or refusing the breath test and the actions of the breath test operator while

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

conducting the test; and (c) also include the person's conduct during the required twenty-minute pre-test waiting period, unless the officer submits a sworn affidavit certifying that it was physically impossible to video record this waiting period"); § 56-5-2953(B) (stating "[n]othing in this section prohibits the court from considering any other valid reason for the failure to produce the video recording based upon the totality of the circumstances").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.